In the Matter of EDWARD FEIGHT et al., Appellants, v RICHARD G. LESSER, as Commissioner of the Department of Social Services of Fulton County, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Walsh, Jr., J.), entered February 23, 1981 in Schenectady County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination by respondents denying a request for Medicaid. Petitioner Nathan Littauer Hospital (hospital) provided medical services to petitioner Edward Feight in the amount of $1,347.05. Feight thereafter applied for free medical care pursuant to the hospital's Hill-Burton funding program. He was determined to be eligible subject to his application for Medicaid to the respondent Fulton County Department of Social Services. He applied and was informed that, although not otherwise eligible for Medicaid, he was eligible for catastrophic illness assistance but would first have to actually pay $264 before receiving Medicaid. Feight arranged for the Hill-Burton funding to cover the $264. Petitioner was advised that this was not sufficient and he would have to actually spend down $264 for Medicaid eligibility. His application was subsequently denied due to "no contact regarding hospital overage". A fair hearing was held wherein, pursuant to a validly executed power of attorney by Feight to the hospital, the latter appeared for Feight. The denial of his application was sustained on the ground that Feight "had incurred no 'costs' and cannot be eligible for medical assistance". The instant article 78 proceeding was commenced and Special Term dismissed the petition. This appeal ensued. We must first consider the threshold question of standing. Respondents contend that neither petitioner has standing. We

disagree. Standing will be denied only where there is a clear legislative intent negating review or lack of injury in fact (*Matter of Dairylea Coop. v Walkley,* 38 NY2d 6). Petitioner Feight was denied Medicaid assistance and was required to arrange an alternative means of payment. In our view, he is aggrieved and clearly has standing. While a provider of medical services such as the hospital, acting solely in its own right, does not have standing (*Matter of Peninsula Gen. Nursing Home v Sugarman,* 44 NY2d 909), an exception prevails where, as here, the patient has executed a valid power of attorney permitting the hospital to pursue an administrative review of a Medicaid determination (*Matter of St. Francis Hosp. v D'Elia,* 71 AD2d 110, affd 53 NY2d 825). A resolution of the present case, therefore, narrows to whether the denial of Medicaid to Feight was justified merely because that portion of the medical care payment for which he was responsible was discharged under the Hill-Burton program. Respondents, in substance, maintain that pursuant to the catastrophic illness assistance program (Social Services Law, §§ 369-a — 369-d), Feight must personally pay the initial $264. We disagree. One of the purposes of this program is to prevent a patient from having to divest himself of all his assets as a prerequisite to assistance (Social Services Law, § 369-a). The department is obligated to provide assistance to a needy qualified patient and, in our opinion, it is immaterial from what source the patient obtains the funds to pay his portion of his medical bill. How he gets the money creates no additional obligation on the department. Consequently, the determination to deny assistance was irrational and unreasonable. The judgment must be reversed. Judgment reversed, on the law, without costs, petition granted, determination annulled and respondent Commissioner of Social Services of Fulton County is directed to pay to Nathan Littauer Hospital the Medicaid payment to which it is entitled, less $264 for the hospitalization of petitioner Feight from November 2, 1979 to November 9, 1979. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Herlihy, JJ., concur.