■ CLIFTON SPRINGS SANITARIUM CO., INC., as Operator of Clifton Springs Hospital and Clinic, Petitioner, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, et al., Respondents.—Determination unanimously annulled, on the law, with costs. Memorandum: Petitioner hospital, with the benefit of private grant moneys, purchased a trailer which it installed on its grounds approximately eight feet from its principal hospital building. A connecting walkway and extended electrical service were provided from the hospital building to the trailer. The trailer was then leased to a staff radiologist, Dr. Steven Braff, who rented and installed in the trailer a computerized axial tomography scanner (CAT scanner) with which he performed CAT scans on inpatients of petitioner hospital, as well as on inpatients of other area hospitals. Dr. Braff also provided service to outpatients in the area. Eventually, Dr. Braff purchased his own CAT scanner.

Petitioner hospital was served with a statement of charges alleging violations of Public Health Law article 28 for operating a CAT scanner without Department of Health approval. After a hearing, the Administrative Law Judge concluded that petitioner was operating a CAT scanner without obtaining a certificate of need (CON) from respondents, as required by Public Health Law article 28. Respondents adopted these conclusions and ordered petitioner to terminate its lease with Dr. Braff for the trailer insofar as it provided for CAT-scanning services on its inpatients, discontinue permitting its inpatients to be CAT scanned in the trailer, and levied monetary sanctions. We reverse.

We note preliminarily that the challenged order did not prohibit Dr. Braff from using the trailer to perform CAT scans on outpatients or on inpatients from other hospitals.

Judicial review of administrative determinations made after

a hearing is limited to a consideration of whether those determinations are supported by substantial evidence (CPLR 7803 [4]; *Matter of Silberfarb v Board of Coop. Educ. Servs.*, 60 NY2d 979, 980; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179).

The conclusions of the Administrative Law Judge that the trailer was a part of the hospital or that the trailer itself constituted a hospital (Public Health Law § 2801 [1]), that the scanning services being provided were "Hospital" services (Public Health Law § 2801 [4] [a]), and that the hospital "controlled" the operation of the CAT scanner, are without support in the record.

The record demonstrates that the trailer, purchased with private funds, is not part of the hospital and was not constructed in accordance with hospital codes. Only the covered walkway was constructed to code. The CAT scanner is the property of Dr. Braff, not the hospital, and the lease does not require him to perform CAT scans on hospital inpatients. The rent for the trailer is constant and not related to the number of scans performed on inpatients of petitioner hospital. Dr. Braff bills patients directly, purchases his own supplies, and employs his own staff. The record further indicates that, at the time of the hearing, inpatients of petitioner hospital comprised only 20% of the population to which Dr. Braff was providing CAT-scanning services. The evidence does not support the conclusion that CAT-scanning services were provided by petitioner hospital.

The central issue posed is whether the CAT-scan services are provided by a hospital or a private physician. The former requires a certificate of need (CON) approval by the Department of Health; the latter does not. Respondents have not demonstrated that the CAT-scanning service provided by Dr. Braff is a hospital service or is in any way controlled by the hospital. State regulations do not require private physicians to obtain CONs and the effect of respondents' order is to arbitrarily impose a requirement on the hospital which the law does not impose. Indeed, efforts in recent years to bring privately owned equipment used on hospital inpatients within the State's CON requirements have consistently failed to obtain legislative approval. There is nothing in the present statutory scheme to prohibit a private physician from establishing a private CAT-scanning service, nor is it illegal for a hospital to facilitate such action on the part of a physician.

Moreover, the order is irrational since it contains inconsis-

tent provisions. The order is premised on a finding that the CAT-scan services provided are illegal. However, it provides, in effect, that the service may continue to function and that only inpatients of petitioner are prohibited from using it. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Fritsch, J.) Present—Hancock, Jr., J. P., Doerr, Boomer, Green and O'Donnell, JJ.