■ ARNOT-OGDEN MEMORIAL HOSPITAL, Appellant, v GUTHRIE CLINIC, INC., et al., Respondents.—Main, J. Appeal from an order of the Supreme Court at Special Term (Swartwood, J.), entered December 16, 1985 in Chemung County, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion for a preliminary injunction.

Doctors Charles L. Palmer and John W. Mills, as partners, operated a private medical practice in the Village of Horseheads, Chemung County, until 1985. In that year, they incorporated as a professional services corporation known as Guthrie Medical Group, P. C. (the Group), which is a defendant herein. The Group became associated with defendant Guthrie Clinic, Inc. (the Clinic), a Pennsylvania corporation. Thereafter, the Group applied to and received from the Village of Horseheads Planning Board a special use permit so that it could construct an addition to its building. At no time has the Group or the Clinic applied to the State Department of Health (DOH) for approval either to operate the clinic or to construct an addition thereto.

Plaintiff commenced this action, asserting that the Group was a diagnostic and treatment clinic within the meaning of

Public Health Law article 28 and 10 NYCRR 600.8 and that it had not applied thereunder for the requisite certificate of need (CON) from DOH. Plaintiff's action sought a declaration that the Group was operating a diagnostic and treatment center in violation of Public Health Law article 28 and an injunction against the Group's operation of its center until it complied with such law.

Defendants moved to dismiss the complaint on the ground that plaintiff lacked standing. Plaintiff opposed the motion and cross-moved for a preliminary injunction preventing defendants from undertaking new construction or purchasing new medical equipment. Special Term, agreeing with defendants that plaintiff lacked standing to maintain this suit, dismissed the complaint and denied plaintiff's cross motion. This appeal ensued.

Under both Federal law (National Health Planning and Resources Development Act of 1974 [NHPRDA] [42 USC § 300k *et seq.]*) and State law (Public Health Law §§ 2801-a, 2802), a party wishing to establish or expand a health clinic or hospital must first submit an application to a CON program to determine the public need for such proposal, the applicant's competence and the financial feasibility of the proposed service *(see, Matter of Roman Catholic Diocese v New York State Dept. of Health,* 109 AD2d 140, *revd on other grounds* 66 NY2d 948). Such procedure is required only of clinics and hospitals, and not of private physicians *(see, Clifton Springs Sanitarium Co. v Axelrod,* 115 AD2d 949, 950).

We must agree with Special Term that plaintiff lacks the requisite standing to bring suit against defendants under either the Federal or State statutes. With regard to the Federal NHPRDA, we note that it has been held that a competitor does not have standing to bring an action under the statute since Congress did not intend to protect the interests of competitors in enacting such statute *(see, Community Psychiatric Centers v Grant,* 664 F2d 1148, 1151). With regard to the State's Public Health Law, it must be remembered that, in order to have standing under article 28 thereof, a party must, *inter alia,* arguably fall within the zone of interest to be protected by the statute *(see, Matter of Fritz v Huntington Hosp.,* 39 NY2d 339, 346). A fair reading of such statute does not lead to the conclusion that competing health care providers were intended to be protected by it. Any effect that the State statute may indeed have on such competition is merely incidental to its intended goals of cost containment and the promotion of efficiency in health care planning *(see,*

Public Health Law §§ 2801-a, 2802), and such incidental effect cannot properly be said to bring plaintiff within the zone of interest to be protected by the statute.

Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.