■ In the Matter of NEW YORK STATE NURSES ASSOCIATION, Appellant, v DAVID AXELROD, as Commissioner of the New York State Health Department, et al., Respondents. (Proceeding No. 1.) In the Matter of GEORGIA HEBERT et al., Respondents, v DAVID AXELROD, as Commissioner of the New York State Health Department, et al., Appellants. (Proceeding No. 2.)—Casey, J. Appeals (1) from a judgment of the Supreme Court (Cheeseman, J.), entered June 9, 1988 in Albany County, which, in a proceeding pursuant to CPLR article 78,

granted respondents' motion to dismiss the petition for lack of standing in proceeding No. 1, and (2) by permission, from an order of said court (Hughes, J.), entered June 3, 1988 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss the petition for lack of standing in proceeding No. 2.

These two separate CPLR article 78 proceedings were brought to challenge regulations 10 NYCRR 400.15 and 700.4 filed by respondent Commissioner of Health on January 18, 1988. These regulations permit licensed practical nurses to perform specified intravenous therapy procedures in facilities which fall under the jurisdiction of Public Health Law articles 28, 36 and 40. Statutes within these articles, specifically Public Health Law § 2803 (2); § 3612 (5) and (6); and § 4010 (4), are asserted as the basis of the authority for the regulations. Petitioner in proceeding No. 1, the New York State Nurses Association (hereinafter NYSNA), alleges that the regulations permit licensed practical nurses to perform intravenous therapy beyond the scope of practice permitted a licensed practical nurse by Education Law § 6902 (2) and that the Commissioner of Health exceeded his authority in promulgating such regulations for licensed practical nurses inasmuch as any such authority is vested exclusively in the Board of Regents and the Education Department, pursuant to Education Law §§ 6504, 6506 and 6507. The same arguments are made by petitioners in proceeding No. 2 against the same respondents.

Each of the respondents in proceeding No. 1 moved, prior to answering, to dismiss the proceeding on the ground that NYSNA lacks standing. Supreme Court (Cheeseman, J.) granted respondents' motion to dismiss. NYSNA appeals here. Respondents in proceeding No. 2, again prior to answering, moved to dismiss on the ground that the individual petitioners lacked standing. Supreme Court (Hughes, J.) held that "the proper approach is to assume, without deciding, that there is standing, and go to the merits". Thus, respondents' motion was denied and they were granted leave to appeal here.

On appeal, respondents contend, in respect to proceeding No. 1, that registered professional nursing as a profession is separate and distinct from licensed practical nursing (Education Law § 6902 [1], [2]; §§ 6905, 6906) and that licensure in one profession does not confer standing to restrict the practice of another profession, citing *Matter of Sheehan v Ambach* (136 AD2d 25, 28), especially where no adverse impact from the regulations on NYSNA has been demonstrated. We do not view the concept of standing as so limited. Under the "zone of

interest" test for standing adopted by the Court of Appeals in *Matter of Dairylea Coop. v Walkley* (38 NY2d 6, 9), "[a] petitioner need only show that the administrative action will in fact have a harmful effect on the petitioner and that the interest asserted is arguably within the zone of interest to be protected". Respondents' preanswer motion is treated in a manner similar to a CPLR 3211 motion *(see, Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs.,* 63 NY2d 100, 102-103), so that the facts alleged in the petition are accepted as true and interpreted in a light most favorable to NYSNA *(see, Matter of Board of Educ. v State Educ. Dept.,* 116 AD2d 939, 940). Thus, an argument can be made that the expansion of the scope of practice of licensed practical nurses without the authority of the Education Department could constitute misconduct, not only for the practical nurses but also for the registered professional nurses under whose direction the practical nurses are required to practice pursuant to Education Law § 6902 (2). If the regulations are followed, registered professional nurses would be unable to exercise the direction provided by the statute over the intravenous therapy permitted licensed practical nurses by the regulations. NYSNA, the representative of registered professional nurses, therefore falls within the "zone of interest" to be protected and has legal standing to institute proceeding No. 1. Thus, the judgment in proceeding No. 1 must be reversed.

In regard to proceeding No. 2, we find the refusal of Supreme Court to address the issue of standing to be error *(see, Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs., supra,* at 104). In our view, petitioners in proceeding No. 2 allege issues which are identical to those asserted by NYSNA in proceeding No. 1. As registered professional nurses, petitioners are directly affected by the regulations and are within the "zone of interest" to be protected and thus have legal standing. The order denying respondents' motion in proceeding No. 2 must, therefore, be affirmed.

Judgment reversed, on the law, without costs, and motion denied.

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.