■ In the Matter of SANDRA SHEFFIELD et al., Petitioners, v STATE OF NEW YORK, EDUCATION DEPARTMENT et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review four determinations of the Commissioner of Education which, inter alia, censured and reprimanded petitioners for professional misconduct in practicing pharmacy.

The facts underlying this proceeding are not in dispute but the litigants sharply contest the legal consequences based on the facts. Petitioners Genesee Hospital and Stanley S. Zack, the hospital's head pharmacist, were found guilty of misconduct in practicing pharmacy under two specifications: they permitted persons without pharmacy licenses (in this case nurses) to dispense and mix drugs and ingredients, and delegated to them the responsibility of measuring, weighing, compounding and mixing ingredients in preparation of hyperalimentation, peripheral intravenous solutions and intravenous solutions, an activity reserved to a trained pharmacist. The hospital was censured and reprimanded and fined $1,000 under each specification. Zack was censured and reprimanded and fined $250 under each specification. Petitioners Sandra Sheffield and Mary Kay Schroeder, nurses who worked for the hospital, were charged with two specifications of unprofessional conduct in the practice of nursing by practicing nursing beyond its scope in that they measured, weighed, compounded and mixed ingredients in preparation of intravenous solutions and prescriptions. They were censured and reprimanded and placed on probation for 18 months to insure their completion of a course of instruction in the legal aspects of nursing. Petitioners then commenced this proceeding challenging the determinations.

Petitioners contend that the determinations of professional misconduct were based on an arbitrary and capricious interpretation of vague regulatory provisions. They argue that statutory law fails to define "dispensing" of drugs and that the

"Nurse Practice Act" fails to prohibit the conduct for which they were disciplined. They contend that the nursing practice in question has been going on at the hospital for more than 25 years and that since 1988 the Health Department regulations explicitly permit not only nurses but licensed practical nurses under the supervision of a nurse to prepare intravenous solutions, including those ultimately administered to patients by other nurses (10 NYCRR 700.4). They contend that the regulations codified accepted nursing practice.

The area of health-support services through intravenous use has apparently undergone substantial changes and has been in a state of flux for a considerable period. It is not disputed in this proceeding that Sheffield and Schroeder could prepare intravenous solutions, prescribed by a physician and pursuant to the physician's order, for patients to whom they personally administered the intravenous solutions without violating the law. However, respondents contend that nurses cannot prepare such solutions for administration by other nurses in that the latter practice constitutes "dispensing of drugs", an activity reserved to pharmacists (Education Law § 6801). Respondents also argue that 10 NYCRR 700.4 permits practical nurses, with special training, to perform certain intravenous therapy procedures and that this regulation only authorizes them to do what nurses may legally do, which does not include practicing pharmacy. Respondents further argue that petitioners' interpretation would contradict Education Law § 6801 governing the practice of pharmacy.

Respondents' determination of guilt is required to be based upon a preponderance of evidence (see, Education Law § 6510 [3] [c]). Our review is limited to ensuring that the determinations here are supported by substantial evidence. When reviewing facts, "a court may not review administrative findings of fact as to the weight of the evidence or substitute its judgment for that of the administrative body" (Matter of Klein v Sobol, 167 AD2d 625, 627).

Education Law § 6801 defines the practice of pharmacy as "the preparing, compounding, preserving, or the dispensing of drugs, medicines and therapeutic devices on the basis of prescriptions or other legal authority". Drugs are defined as, inter alia, "[a]rticles intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease in man or animals" (Education Law § 6802 [7] [b]). 8 NYCRR 29.7 (a) (22) (ii) (b) (4) prohibits a person not licensed as a pharmacist from measuring, weighing, compounding or mixing ingredients. This language is broadly couched and permits only pharma-

cists to prepare or compound drugs or to compound or mix ingredients.

We conclude that the unrefuted facts establish that the hospital and Zack improperly delegated the responsibility of preparing and compounding of drugs and compounding and mixing solutions and dispensing of drugs to unlicensed persons, namely the nurses at the hospital. It has also been established that Sheffield and Schroeder acted outside the scope of nursing since the activity of compounding of drugs is the practice of pharmacy (see, Education Law § 6801) and is not included in the practice of nursing (see, Education Law § 6902).

We reject petitioners' reliance upon 10 NYCRR 700.4. That regulation did not become effective until three years after the violations. There is no evidence that the regulation was a codification of prevailing practice in New York hospitals before its effective date. Finally, we note there is a challenge to the regulation's validity which has not yet been resolved (see, *Matter of New York State Nurses Assn. v Axelrod*, 152 AD2d 888).

Mahoney, P. J., Casey and Crew III, JJ., concur. Adjudged that the determinations are confirmed, and petition dismissed, without costs.