■ In the Matter of RON HOSTON et al., Respondents, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Appellants.

[611 NYS2d 61] —Yesawich Jr., J. Appeal, by permission, from an order of the Supreme Court (Kahn, J.), entered June 14, 1993 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss the petition for lack of standing.

Planned Parenthood of Rochester and the Genesee Valley, Inc., seeking to expand its facilities to provide outpatient abortion services, applied to respondent State Department of Health (hereinafter DOH) for a certificate of need, pursuant to Public Health Law § 2802 (2). After administrative review, the application was approved and the certificate granted.

Petitioners, ministers and pastors of religious congregations in the Rochester area, initiated this CPLR article 78 proceeding to annul respondents' approval of Planned Parenthood's application. Respondents moved prior to answering for dismissal of the proceeding, contending that petitioners lack standing to sue. Supreme Court denied the motion and respondents appeal, having been given permission to do so by a Justice of this Court.

The standing of a party to seek judicial review of a particular claim or controversy is a threshold matter which, once questioned, should ordinarily be resolved by the court before the merits are reached (see, Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769; Matter of New York State Nurses Assn. v Axelrod, 152 AD2d 888, 890). If, however, resolution of the standing issue would have no effect on the outcome of an action or proceeding, as, for example, where the record is sufficiently developed for the reviewing court to determine that a dismissal is warranted on other grounds, a court may decline to address the standing question as academic (see, e.g., Matter of Roman Catholic Diocese v New York State Dept. of Health, 66 NY2d 948, 951); that not being the case here, the question of petitioners' standing must be addressed.

A party does not have standing to contest an administrative determination unless he or she has in fact been injured by the decision. Moreover, to confer standing, the injury must fall within the "zone of interests" that the pertinent statute aims to protect or promote (see, Society of Plastics Indus. v County of Suffolk, supra, at 772-773), and it must be different in degree or kind from that suffered by the general public (see, Matter of Sheehan v Ambach, 136 AD2d 25, 28, lv denied 72 NY2d 804). Inasmuch as the petition does not allege any injury that meets these requirements, it must be dismissed.

Petitioners' claim of "injury" is predicated on their assertion that the approval of the facility, and the concomitant "over-supply of abortion services in the community", will make it more difficult for them to counsel their congregants concerning health care needs, i.e., to recommend childbirth rather than abortion. This difficulty—which according to petitioners will result from the fact that Planned Parenthood's "program * * * discriminates financially in favor of abortion over pre-natal and post-natal care"—is akin to the harm suffered as a result of competition. Such claims are clearly not within the "zone of interest" intended to be protected by Public Health Law article 28 (see, Arnot-Ogden Mem. Hosp. v Guthrie Clinic, 122 AD2d 413, 414, lv denied 68 NY2d 612; cf., Matter of Sheehan v Ambach, supra, at 28).

The only injury asserted by petitioners that is in any way related to the statute's goals of "cost containment and the promotion of efficiency in health care planning" (see, Arnot-Ogden Mem. Hosp. v Guthrie Clinic, supra, at 414) is a vague and undocumented claim that the construction of additional facilities will increase their own health care costs. As the petition contains nothing that serves to differentiate petitioners' interest in this regard from that of the public at large, that assertion is insufficient to confer standing (see, Matter of Lettko v New York State Dept. of Health, 195 AD2d 781, 784).

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and petition dismissed.