■ In the Matter of ALLEN TAYLOR, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent. [617 NYS2d 926] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent which suspended petitioner's license to practice optometry in New York.

Petitioner has been licensed to practice optometry in New York since 1981. In February 1984, petitioner began work as an optometrist on a part-time basis for American Vision Center (hereinafter AVC). Approximately six months later, he changed to full-time status in that facility and assumed a supervisory role.

In March 1988, the Office of Professional Discipline of the State Education Department (hereinafter OPD) charged petitioner with eight specifications of professional misconduct which allegedly occurred between May 1980 and December 1985. The original specifications alleged that while employed by AVC, petitioner engaged in various acts of professional misconduct consisting of, *inter alia*, (1) negligence on more than one occasion for permitting unlicensed employees to perform professional services (first specification), (2) gross negligence based on the cumulative acts of negligence on more than one occasion (second specification), (3) practicing the profession beyond its authorized scope by administering Neosporin drops to customers (sixth specification), (4) unprofessional conduct by delegating professional responsibilities to employees lacking the requisite licensure (seventh specification), and (5) unprofessional conduct by failing to wear a required name tag (eighth specification).

Following a 1991 hearing before a Hearing Panel of the State Board of Optometry, petitioner was found guilty of the stated charges. The Hearing Panel recommended a three-

month suspension of petitioner's license and a $2,000 fine per specification to be followed by a 36-month period of probation. The Regents Review Committee (hereinafter RRC) thereafter limited the period of charges to that time between February 1984 and December 1985, modified the findings of the Hearing Panel and recommended a 36-month license suspension with a $1,000 fine per specification on the first, second, sixth and seventh specifications. The RRC further recommended that the last 35 months of the concurrent suspensions be stayed, resulting in a 35-month probation period, with no separate penalty for the eighth specification. Respondent thereafter accepted the recommendation of the RRC but further modified the period of charges to only include that period between August 15, 1984 and December 1985.

Petitioner commenced this proceeding to challenge respondent's determination, contending that he was denied due process since the charges lacked specificity and, due to an inordinate delay, loss of witnesses and evidence occurred. Mindful that respondent, in accepting the recommendation of the RRC, modified the period of charges to include only the period from August 15, 1984 through December 1985, we reject petitioner's contentions concerning a denial of due process. We find that the relevant charges were reasonably specific *(see, Matter of Block v Ambach,* 73 NY2d 323) and as to those charges which did not contain specific dates, they addressed continuing offenses occurring over a period of time which, by their nature, permit more general allegations *(see, supra,* at 333-334; *see also, People v Keindl,* 68 NY2d 410).

We further find no denial of due process due to the delay in proceedings. Respondent limited the findings to specific dates which were more contemporaneous with the hearing date and petitioner wholly failed to show any actual prejudice in terms of evidence or witnesses which might have resulted from the delay between the service of charges and the hearing *(see, Matter of Matala v Board of Regents,* 183 AD2d 953; *Matter of Rojas v Sobol,* 167 AD2d 707, *lv denied* 77 NY2d 806).

Addressing next petitioner's contention that he did not violate Education Law § 6509 (2) or 8 NYCRR 29.1 (b) (10) as a matter of law, we find petitioner to be in error. Petitioner proffers a quite creative argument concerning the alleged violation of 8 NYCRR 29.1 (b) (10). In defining unprofessional conduct in the practice of professions licensed or certified pursuant to Education Law title 8, 8 NYCRR 29.1 (b) (10) specifically provides that unprofessional conduct includes "delegating professional responsibilities to a person when the

licensee delegating such responsibilities knows or has reason to know that such person is not qualified, by training, by experience or by licensure, to perform them". Petitioner argues that while he never delegated duties to any employees at AVC, if it is found that he did, those employees were qualified by training and experience to perform the duties so delegated even if they did not have the requisite license or permit. Petitioner contends that this regulation enables him and or any other licensed professional, which may include a physician, dentist, podiatrist or social worker, to determine without any objective review that an individual in their employ is qualified to perform certain functions based upon their training and experience that would normally be limited to individuals who are licensed. Therefore, according to petitioner, since such conduct would be permitted pursuant to this regulation, any charge alleging a violation of Education Law § 6509 (7), which defines professional misconduct as including "[p]ermitting, aiding or abetting an unlicensed person to perform activities requiring a license", would be in error. Petitioner's attempt to excuse his conduct strains the credulity of this Court.

An examination of the relevant statutes and regulations reveals that, at a minimum, an individual must possess a limited professional permit to engage in activities such as fitting, adjusting and dispensing corrective lenses (see, e.g., Education Law § 7101 [1]; §§ 7102, 7121, 7125 [c]; 8 NYCRR 67.1, 67.4, 67.5). The record reveals substantial evidence supporting respondent's determination that petitioner is guilty of negligence on more than one occasion, as well as the charge of unprofessional conduct, since employees under petitioner's supervision regularly serviced customers by performing acts which require a license or permit when such employees did not hold the requisite certification.

A review of the record further reveals substantial evidence to support the determination that petitioner was practicing the profession beyond its authorized scope and was guilty of professional misconduct by failing to wear a name tag. However, respondent's determination that petitioner was guilty of gross negligence based on cumulative acts of negligence on more than one occasion cannot be sustained (see, Matter of Yong-Myun Rho v Ambach, 74 NY2d 318; Matter of Sheffield v State of New York, Educ. Dept., 174 AD2d 855; Matter of Carrera v Sobol, 163 AD2d 706, affd 77 NY2d 931).

Finally, petitioner's claim that the penalty imposed upon him is excessively harsh is rejected. Despite our annulment of

the finding of gross negligence, we do not believe remittal for modification of the penalty is necessary *(see, Matter of Klein v Sobol,* 167 AD2d 625, *lv denied* 77 NY2d 809).

Accordingly, the determination is hereby modified by annulling so much thereof as found petitioner guilty of gross negligence (second specification).

Crew III, J. P., Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of gross negligence (second specification), and, as so modified, confirmed.