OPINION OF THE COURT
Joseph C. Teresi, J.
Petitioner, Meditrust Financial Services Corporation (Meditrust), moves this court for a judgment pursuant to CPLR article 78, directing respondent to make a final decision granting or denying, in whole or in part, the claims of petitioner for payment for medical services rendered to certain individual crime victim-applicants to respondent.
Pursuant to article 22 of the Executive Law (§§ 620-635), respondent, the New York State Crime Victims Board (Board), operates a crime victims compensation program to provide compensation for the out-of-pocket expenses of the innocent victims of violent crime.
Petitioner commenced this action to challenge respondents’ failure to reimburse petitioner for necessary medical rehabilitative services rendered to five crime victims by petitioner’s predecessors in interest.
Petitioner purchased accounts receivable from several medical rehabilitation providers (providers). The accounts were for services rendered to each of five crime victims while they were patients at one of the provider facilities. Upon admission to the respective facilities, each of the victim-applicants effectively executed an assignment of benefits form, thereby enti *710 tling the provider to realize its charges by filing claims in the patient’s behalf and authorizing direct payment from an insurer or other payor to the treating facility.
Petitioner’s purchase of the accounts receivable gave it all the rights held by the providers regarding reimbursement for services, including those paid for by an insurer or Federal or State governmental entity. Moreover, according to petitioner, these agreements conferred upon it all liens, guarantees, rights, remedies, claims, causes of action and privileges pertaining to these accounts.
Petitioner now seeks reimbursement from the Board for five applicants to the Board: Arline Shaw, Patricia Pfeifer, Nakia Bond, Bernard Nossitor and Frank DePasquale. Each of the victim-applicants received medical rehabilitative services at one of several medical facilities and subsequently filed an application with the Board seeking reimbursement for lost earnings and medical care. The Board initially approved of and provided partial reimbursement to Arline Shaw, however, these payments were later discontinued, with the Board refusing further payments for Ms. Shaw or for any of the remaining victim-applicants.
According to petitioner, despite its compliance with all of the filing and documentation prerequisites, the Board, in violation of the statute, has failed to submit final determination granting or denying an award for reimbursement for the rehabilitative services rendered by the providers. The instant action seeks to compel such determinations. With respect to the documents submitted as "final decisions” by respondents in their motion to dismiss, petitioner charges that these documents fail to provide the requisite notice to claimants of their right to seek review of the Board’s decision and are therefore nonfinal.
Respondent, New York State Crime Victims Board, moves for a judgment dismissing the instant petition on the grounds that petitioner lacks the requisite standing to interpose the cause of action asserted against respondent.
"Whether a person seeking relief is a proper party to request an adjudication is an aspect of justiciability which [when challenged] must be considered at the outset of any litigation.” (Matter of Dairylea Coop, v Walkley, 38 NY2d 6, 9.) Standing will be denied only where there is a clear legislative intent negating review or lack of injury in fact. (Supra.)
It is established law that one of the criteria for standing is *711 that the petitioner seeking judicial review of an administrative decision must demonstrate that the interest asserted is arguably within the zone of interest to be protected by the statute. (Matter of Dairylea Coop, v Walkley, supra, at 9; Matter of City of New York v City Civ. Serv. Commn., 60 NY2d 436.) This approach is applicable to petitioner’s attempt to compel respondent to issue a determination.
Pursuant to article 22 of the Executive Law, the Crime Victims Board was established in order to furnish financial assistance to crime victims. The purpose of this mechanism is to alleviate presently existing and continuing financial hardship being suffered by the innocent victims of crime and those persons dependent upon them for support. (Matter of Gryziec v Zweibel, 74 AD2d 9.)
However, in enacting article 22, the Legislature did not intend to make whole all victims of crime, or remedy all wrongs which may flow from a crime. (Matter of Gryziec v Zweibel, supra, at 14; Matter of Rigaud v Crime Victims Compensation Bd., 94 AD2d 602, 603.) The assistance available through the Crime Victims Board is awarded as a matter of grace and is not a legal right; the legislation constitutes a limited departure from the common law and is therefore strictly construed. (94 AD2d, at 603, supra.)
Under the statute a victim is identified as a person who suffers "personal physical injury as a direct result of a crime.” (Executive Law § 621 [5]; see also, § 632-a [1] [c].) Thus, a claimant, as intended by the statute, is identified as a living natural person — i.e., the actual crime victim, or a person dependent upon a victim who died as a result of a crime. (Matter of Gryziec v Zweibel, supra, 74 AD2d, at 12, citing Executive Law § 624.)
Clearly then, administrative review is unavailable to a provider acting solely in its own right with the exclusive purpose of vindicating its " 'unilateral private financial interest’ ”. (See, Matter of St. Francis Hosp. v D’Elia, 71 AD2d 110, 113; Matter of Feight v Lesser, 85 AD2d 867, 868.) However, that does not preclude a provider’s participation in the review process under all circumstances. (Matter of St. Francis Hosp. v D’Elia, supra; Matter of Feight v Lesser, supra.)
In the instant case, each of the victim-applicants authorized the respective provider to seek recovery of its charges by filing claims on behalf of the patient. Absent such a recovery, *712 each patient might otherwise remain liable for payment of the provider’s charges. Hence, the provider’s participation in the review process is not limited merely to the vindication of its own private interest; the interest of the victim-applicants remains at stake. That the interests of patients and providers coincide is no bar to the provider’s pursuit of administrative review on behalf of the patient. (See, St. Francis Hosp. v D’Elia, 71 AD2d 110, supra.) Inasmuch as the patients owe debts to the providers for which they may remain responsible, the instant petition falls within the zone of interest to be protected by article 22 of the Executive Law, that being the alleviation of financial hardship being suffered by innocent victims of crime. (Matter of Gryziec v Zweibel, 74 AD2d 9, supra.)
Nevertheless, petitioner is not presently seeking an award. Rather, petitioner insists that it has standing to enforce the statutory right to a determination. As such, mandamus relief is appropriate.
The general principle is that mandamus will lie against an administrative officer only to compel him to perform a legal duty, and not to direct how he shall perform that duty. (Klostermann v Cuomo, 61 NY2d 525, 540, citing People ex rel. Schau v McWilliams, 185 NY 92, 100.) In other words, mandamus relief is unavailable to compel the performance of a discretionary act; it lies only to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought. (Matter of Legal Aid Socy. v Scheinman, 53 NY2d 12, 16.)
Under the statute the actual award determination is indeed discretionary, however, once a claim is accepted for filing, the Board must investigate the validity of the claim and ultimately render a decision either granting an award or denying the claim. (Executive Law § 627 [2], [5]; see, 9 NYCRR 525.4 [a].) It is this determination, to either grant or deny the claim, that petitioner seeks to compel.
For the foregoing reasons this court finds that petitioner has standing. With regard to the claims filed by the five victim-applicants, this court hereby orders respondent to comply with Executive Law article 22, as well as its own regulations (9 NYCRR 525.4), and render a final determination in each case.