■ In the Matter of MEDITRUST FINANCIAL SERVICES CORPORATION, Respondent, v NEW YORK CRIME VICTIMS BOARD et al., Appellants. [640 NYS2d 676] —Crew III, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered January 18, 1995 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss the petition for lack of standing and granted the petition to compel respondent New York Crime Victims Board to issue certain final decisions.

Petitioner is the purchaser of accounts receivable from several health care providers that rendered services to five crime victims. It appears that each of the victims filed a timely claim for benefits under Executive Law article 22 and, in connection therewith, executed an assignment of benefits form entitling the providers to file claims on the victims' behalf and authorizing insurers to make payments directly to the providers.

Petitioner thereafter contacted respondent New York Crime Victims Board seeking, *inter alia,* to have the Board render final determinations with respect to those portions of the

victims' claims relating to the cost of services rendered by the providers. The Board deemed the victims' medical records to be incomplete and improperly certified and, when no accommodation could be reached, denied those portions of the claims relating to care furnished by the providers. Although not entirely clear from the record, it appears that the denial notices were sent to the individual victims, apparently without the requisite notice of the right to an administrative appeal (*see*, 9 NYCRR 525.4 [c]) and/or the providers' knowledge thereof.

Petitioner, also apparently unaware of the denials, thereafter commenced this proceeding pursuant to CPLR article 78 seeking to compel the Board to render final administrative determinations with respect to the health care expenses incurred by the victims at the providers' facilities. Respondents moved to dismiss, contending that petitioner lacked standing to maintain this proceeding. Supreme Court, finding that petitioner had standing and, further, that the decisions rendered by the Board were not final due to the Board's failure to comply with its own regulations, denied respondents' motion to dismiss and directed respondents to render a final determination in each case. This appeal by respondents followed.

It is well settled that "[a] party does not have standing to contest an administrative determination unless he or she has in fact been injured by the decision" (*Matter of Hoston v New York State Dept. of Health*, 203 AD2d 826, 827, *lv denied* 84 NY2d 803). Such injury, in turn, must fall within the "zone of interests" that the relevant statute is designed to protect or promote and must be different in kind or degree from that suffered by the public at large (*see*, *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-774). As an examination of both the relevant statutory scheme and the record reveals that petitioner has not demonstrated injury in fact, the petition must be dismissed for lack of standing.

As a starting point, a review of Executive Law article 22 plainly reveals that although petitioner, as an assignee, qualifies as a " 'Representative' " (Executive Law § 621 [6]), representatives are neither eligible to receive awards in their own right (*see*, Executive Law § 624 [1]) nor entitled to file a claim on behalf of one who is (*see*, Executive Law § 625 [1]). Additionally, both the legislative history accompanying and case law interpreting Executive Law article 22 makes it quite clear that the aid available thereunder is provided to the innocent victims of crime "as a matter of grace" (Executive Law § 620); there is no legal entitlement to relief under this article and, in

enacting Executive Law article 22, the Legislature did not intend "to remedy all of the damages which might result from a crime" (*Matter of Rigaud v Crime Victims Compensation Bd.*, 94 AD2d 602, 603; *see, Matter of Gryziec v Zweibel*, 74 AD2d 9, 13).

Turning to the record, a review of the petition indicates that petitioner has failed to allege that it has suffered any injury as a result of the Board's failure to render "final" determinations with respect to each of the claims at issue. Additionally, inasmuch as the assignment of benefits forms executed by each of the victims reveals that the victims remain personally responsible for the cost of services rendered by the providers in the event payment is not made by some other source, it is difficult to discern how the Board's failure to resolve the victims' claims harms petitioner. In this regard, to the extent that petitioner argues on appeal that it is attempting to safeguard the rights of the victims, it is apparent that petitioner is simply seeking to protect its own economic interests (*compare, Matter of St. Francis Hosp. v D'Elia*, 71 AD2d 110, 113-114, *affd* 53 NY2d 825). For all these reasons, we conclude that petitioner has failed to demonstrate that it has suffered an injury that is within the zone of interests protected by Executive Law article 22 and, as such, the petition seeking to compel respondents to render final determinations in each of the subject claims must be dismissed.

Cardona, P. J., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion granted and petition dismissed. *[See,* 163 Misc 2d 708.]