OPINION OF THE COURT
Dan Lamont, J.
Petitioners, New York State Law Enforcement Officers, District Council 82, AFSCME, AFL-CIO (Association), and three individual members thereof, bring this CPLR article 78 proceeding: (1) seeking an order requiring respondents to cease and desist from violating Civil Service Law § 61 (2) and article V, § 6 of the New York Constitution; and (2) seeking an order requiring the respondents to fill forthwith the vacancy for Security Hospital Treatment Chief at the Kirby Forensic Psychiatric Center from the existing competitive list.
The respondents have filed an answer raising the following objections in point of law: (1) the proceeding is untimely commenced; (2) petitioners have failed to exhaust their administrative remedies; (3) the petitioners lack standing to challenge the *665 matters they are attempting to challenge; (4) the issues raised by the petitioners are not ripe for judicial review; and (5) the petition fails to state a cause of action.
BACKGROUND
Kirby Forensic Psychiatric Center (Kirby) is a maximum security psychiatric center for criminal justice system detainees under CPL article 730 and CPL 330.20 (1) (b) operated by the New York State Office of Mental Health (OMH) which has had a vacancy in the position of Security Hospital Treatment Chief (Chief) since approximately 1991. The Director of Nursing, Cheryl Moore, is currently performing some of the duties that the Security Hospital Treatment Chief would normally perform. Petitioners challenge Moore’s assumption of any of the Chiefs duties as out-of-title work and/or in violation of the New York Constitution’s provisions for civil service appointments and promotions.
Kirby currently employs 154 Security Hospital Treatment Assistants, 21 Security Hospital Senior Treatment Assistants and 3 Security Hospital Supervising Treatment Assistants, with the vacancy in the supervisory position of Chief over these employees. The entire Security Hospital Treatment Assistant (SHTA) Department is responsible to the Director of Nursing. A competitive list currently exists with at least three names contained thereon (including the three individual petitioners) for the position of Chief at Kirby.
On or about June 13, 1996, a labor meeting was held between the Association and the OMH during which the vacant Chief position at Kirby was discussed. OMH stated that the position was not being filled due to downsizing and layoffs, that no specific date could be ascertained as to when the position would be filled, and that the possibility of filling the position would increase if Kirby expands.
On or about June 9, 1997, counsel for the petitioners wrote a letter to respondents demanding that the vacant Chief position at Kirby be filled immediately.
The instant article 78 proceeding was commenced on July 22, 1997.
STANDING
“The standing of a party to seek judicial review of a particular claim or controversy is a threshold matter which, once questioned, should ordinarily be resolved by the court before the merits are reached” (Matter of Hoston v New York State *666 Dept. of Health, 203 AD2d 826, 827 [3d Dept 1994], citing Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769; Matter of New York State Nurses Assn. v Axelrod, 152 AD2d 888, 890). “A party does not have standing to contest an administrative determination unless he or she has in fact been injured by the decision. Moreover, to confer standing, the injury must fall within the ‘zone of interests’ that the pertinent statute aims to protect or promote (see, Society of Plastics Indus. v County of Suffolk, supra, at 772-773), and it must be different in degree or kind from that suffered by the general public (see, Matter of Sheehan v Ambach, 136 AD2d 25, 28, lv denied 72 NY2d 804)” (Matter of Hoston v New York State Dept. of Health, supra, at 827). The Court of Appeals has written as follows on the subject of standing:
“Whether derived from the Federal Constitution or the common law, the core requirement that a court can act only when the rights of the party requesting relief are affected, has been variously refashioned over the years. Once a ‘legal interests’ test requiring a litigant to allege injury to a legal interest derived from common or statutory law (see, e.g., Tennessee Power Co. v Tennessee Val. Auth., 306 US 118, 137-138), ‘injury in fact’ has become the touchstone during recent decades (Data Processing Serv. Orgs. v Camp, 397 US 150, 152-153; Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 9, supra). The existence of an injury in fact—an actual legal stake in the matter being adjudicated—ensures that the party seeking review has some concrete interest in prosecuting the action which casts the dispute ‘in a form traditionally capable of judicial resolution.’ (Schlesinger v Reservists to Stop the War, 418 US 208, 220-221.) The requirement of injury in fact for standing purposes is closely aligned with our policy not to render advisory opinions (see, Cuomo v Long Is. Light. Co., 71 NY2d 349, 354).
“Injury in fact thus serves to define the proper role of the judiciary, and is based on ‘sound reasons, grounded not only in theory but in the judicial experience of centuries, here and elsewhere, for believing that the hard, confining, and yet enlarging context of a real controversy leads to sounder and more enduring judgments.’ (Bickel, The Least Dangerous Branch, at 115 [1962].)” (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-773 [1991], supra.)
I
In the instant case, the petitioner Association is the duly certified bargaining agent for all members of the Security Services *667 Unit and of the Security Supervisors Unit which includes all the titles within the SHTA series, with the exception of the Chief position—which is management confidential. The Association has no bargaining connection with or for the Director of Nursing position—which is also management confidential. Each individual petitioner (all members of the Association) currently holds the position of Security Hospital Supervising Treatment Assistant at Kirby, and each is on the promotional list for Chief.
The individual petitioners contend that they have suffered injury by being supervised by the Director of Nursing, who has not derived her supervisory authority from the lawful appointment process. Petitioner’s petition at paragraph 13 states: “The SHTA reports to the [senior] Security Hospital Treatment Assistant who reports to the Security Hospital Supervising Treatment Assistant [each individual petitioner’s position] who reports to the Director of Nursing.” (Emphasis supplied.) The respondents have submitted excerpts from Kirby’s manuals which detail the nature of work performed by the Director of Nursing and the job description for the Director of Nursing position. These excerpts clearly indicate that the Director of Nursing’s responsibilities include planning, or organizing, implementing, directing, monitoring and evaluating all nursing and SHTA services provided in the facility.
Accordingly, this court holds and determines that the individual petitioners’ contention that they are being injured by being supervised by the Director of Nursing is without merit and is not a sufficient injury in fact for standing purposes (see, Society of Plastics Indus. v County of Suffolk, supra).
II
The individual petitioners further contend that each is on the promotional list for Security Hospital Treatment Chief, and each is being harmed by not being considered for this promotional opportunity. The successful completion of a civil service examination does not create a property interest in appointment to the position applied for (Matter of Deas v Levitt, 73 NY2d 525, 532 [1989]; see also, Matter of Cassidy v Municipal Civ. Serv. Commn., 37 NY2d 526 [1975]). The individual petitioners do “ ‘not possess any mandated right to appointment or any other legally protectible interest. [They] can assert at most the right to consideration for and a ‘hope’ of appointment” (Matter of Deas v Levitt, supra, at 532, citing Matter of Cassidy v Municipal Civ. Serv. Commn., supra [emphasis in original]).
*668 Civil Service Law § 61 (1) states: “Appointment or promotion from eligible lists. Appointment or promotion from an eligible list to a position in the competitive class shall be made by the selection of one of the three persons certified by the appropriate civil service commission as standing highest on such eligible list who are willing to accept such appointment or promotion”.
The statutory scheme entitles the top three scoring candidates to the right to be considered for appointment over any other candidates or the public at large and the hope of appointment. This statute does not create a right in the top three candidates on the list to be appointed to a vacant position. The hiring agency has the discretion to choose between the top three scoring applicants when the agency fills a position (see, Matter of Dramis v Nassau County Community Coll., 173 AD2d 705 [2d Dept 1991]).
Accordingly, this court further holds and determines that the individual petitioners’ contention that they are being harmed by not being considered for the promotional opportunity in the Chief position is without merit. The individual petitioners have no legal entitlement to fill a vacant position. This court notes that the Director of Nursing is responsible for overseeing, the entire SHTA staff including the Chief position, if it were filled. Therefore, the petitioners’ contention that the Director of Nursing is assuming the responsibilities of the Chief position by supervising the SHTA staff is equally without merit.
In that the individual petitioners have not suffered an injury in fact, this court holds and determines that they do not have standing to commence this proceeding and that the proceeding should be and the same hereby is dismissed as to the individual petitioners (Society of Plastics Indus. v County of Suffolk, supra).

Ill

The Association petitioner must meet the following tripartite test to have standing: (1) some or all of the members must have standing to sue; (2) the Association must demonstrate that the interests it asserts are germane to its purposes; and (3) it must be evident that neither the asserted claim nor the appropriate relief requires the participation of the individual members (Matter of Professional Ins. Agents v New York Dept. of Ins., 197 AD2d 258 [3d Dept 1994]). The Association in this proceeding does not represent either the Chief position at the Kirby facility or the Director of Nursing position at the *669 Kirby facility—each such position is denoted as management confidential. The individual petitioners represented by the Association have been determined to lack standing. Therefore, this court holds and determines that the Association also lacks standing to commence this proceeding and the proceeding should be and the same hereby is dismissed as to the Association (supra).
VACANT POSITION
Although the petitioners’ lack of standing requires dismissal of this proceeding, the court will nevertheless address another issue somewhat related to lack of standing.
Whether or not a civil service position should be filled rests exclusively within the discretion of the appointing authority. That authority is an inherent general power possessed by the appointing authority under statutory grants (see, e.g., Koenig v Morin, 56 AD2d 254 [4th Dept 1977], revd on other grounds 43 NY2d 737 [1977]).
A public employer may abolish a civil service position for the purpose of economy or efficiency so long as the position was not abolished as a subterfuge to avoid statutory protection afforded civil servants before discharge (see, Matter of Della Vecchia v Town of N. Hempstead, 207 AD2d 484 [2d Dept 1994], lv dismissed 84 NY2d 1018 [1995], lv denied 84 NY2d 812 [1995]; see also, Matter of Piekielniak v Axelrod, 92 AD2d 968 [3d Dept 1983]). Civil Service Law § 80 comes into play only when a decision has been made to abolish a civil service position when there is a person serving in that position.
Since an appointing authority clearly has the inherent general power to abolish a civil service position, it would seem to logically follow that an appointing authority may determine to leave a vacant position unfilled—particularly for reasons of efficiency or economy or downsizing. As hereinbefore discussed in section II, Civil Service Law § 61 (1) mandates the process which must be followed to fill a vacant civil service position in the competitive class; therefore, that section comes into play only when a determination has been made to fill a vacant position. This court holds and determines that the decision to fill or not to fill a vacant position such as Security Hospital Treatment Chief is a matter solely within the inherent general power and discretion of the appointing authority—in this case the Kirby Forensic Psychiatric Center and the New York State Office of Mental Health. Accordingly, this court further holds and determines that the petition herein should be and the same hereby is dismissed for failure to state a cause of action.
*670 CONCLUSION
This court holds and determines that the petition herein should be and the same is hereby dismissed for lack of standing and for failure to state a cause of action. Respondents’ motion to dismiss is granted with costs. The remaining objections in point of law made by the respondents have not been considered.