■ In the Matter of DAWN STARKMAN, Petitioner, v GENNARO A. FISCHETTI et al., as Members of and Constituting the Crime Victims Board of the State of New York, Respon-

dents. [675 NYS2d 703] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Crime Victims Board which, *inter alia*, denied petitioner's claims for lost earnings.

On May 21, 1992, petitioner was shot in the face by an unidentified assailant in Queens County. Petitioner subsequently filed a claim with the Crime Victims Board pursuant to Executive Law article 22 seeking compensation for her medical expenses, loss of personal property, lost earnings and counsel fees. Petitioner's claim for medical expenses and loss of personal property was granted, but her request for reimbursement for, *inter alia*, lost earnings and counsel fees was denied. Petitioner requested and was granted an administrative review of that decision. Following a hearing, the Board modified the first determination by awarding petitioner $500 in counsel fees, but denied the request for lost earnings noting that petitioner was not gainfully employed at the time of the shooting. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the Board's final determination, which was subsequently transferred to this Court.*

We confirm. In our view, the Board's determination denying petitioner's claim for lost earnings was supported by substantial evidence in the record. Significantly, Executive Law § 631 (3) provides, in relevant part, that "[a]ny award made for loss of earnings * * * shall * * * be in an amount equal to the actual loss sustained". In circumstances where it is established that a claimant is unemployed at the time of the injury, a denial of a claim for lost earnings will be sustained in the absence of nonspeculative proof (*see, e.g., Matter of Ortiz v Leak*, 214 AD2d 840; *Matter of Beaton v Crime Victims Bd.*, 213 AD2d 354, *lv denied* 86 NY2d 703). Here, the record indicates that claimant initially represented that she was employed as a secretary in Israel at the time of the crime until it was revealed in the course of an investigation that this employment had actually ended and she was in fact seeking work in New York City at the time of the shooting. At the administrative hearing, petitioner submitted a letter dated March 17, 1995 from a prospective employer stating that she had been offered a job just prior to the shooting which she was unable to start due to her injuries. Although petitioner maintains that this belated letter

---

* Prior to transferring the proceeding, Supreme Court denied petitioner's request that class status be granted to herself and all other unemployed crime victims similarly situated who were denied lost earnings awards by the Board. Petitioner does not challenge the denial of class status on appeal.

and her otherwise steady employment history should be dispositive of the lost earnings issue, we find no reason to disturb the Board's determination denying the claim.

We have examined the remaining arguments raised by petitioner and find them to be unpersuasive. Although petitioner claims that her constitutional rights were violated because the Board allegedly denied her claim based upon an illegal policy of disallowing all claims for lost earnings by unemployed claimants, the Board denied that such a policy exists and the record is devoid of evidence to support petitioner's speculative claims in this regard. Notably, the monetary assistance given by the Board is " 'a matter of grace' * * * [and] there is no legal entitlement to relief under [Executive Law article 22]" (*Matter of Meditrust Fin. Servs. Corp. v New York Crime Victims Bd.*, 226 AD2d 881, 882, quoting Executive Law § 620). Finally, we find no abuse of the Board's discretion in granting petitioner less than the maximum amount in counsel fees permissible under Executive Law § 626 (1).

Mikoll, J. P., Mercure, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.