Matter of Pelaez v State of New York Exec. Dept. Crime Victims Bd. (2020 NY Slip Op 04745)





Matter of Pelaez v State of New York Exec. Dept. Crime Victims Bd.


2020 NY Slip Op 04745


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-01487
 (Index No. 4656/16)

[*1]In the Matter of Cesario Pelaez, appellant, 
v
State of New York Executive Department Crime Victims Board, respondent.


Cesario Pelaez, Brooklyn, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Andrew W. Amend, Mark H. Shawhan, and Mark S. Grube of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the State of New York Executive Department Crime Victims Board, now known as the New York State Office of Victims Services, dated March 8, 2016, denying the petitioner's application for compensation for lost earnings, the petitioner appeals from a judgment of the Supreme Court, Kings County (Paul Wooten, J.), dated December 19, 2016. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
In October 1997, the petitioner was shot in the back during a home invasion, resulting in paraplegia. The Office of Victims Services (hereinafter OVS), formerly known as the State of New York Executive Department Crime Victims Board, administers a public compensation fund for victims of violent crimes in the State and their dependents as a "matter of grace" (Matter of Starkman v Fischetti, 252 AD2d 845, 847 [internal quotation marks omitted]; see Executive Law § 620 et seq.). In 2015, after successfully obtaining compensation from OVS for his medical expenses as a result of the shooting, the petitioner applied to OVS for compensation for lost earnings from the time of the crime—October 1997—to the present. The application was denied on the basis that the petitioner failed to demonstrate financial difficulty or to substantiate loss of earnings. The OVS denied the petitioner's appeal in a determination dated March 8, 2016.
The petitioner subsequently commenced a proceeding pursuant to CPLR article 78, challenging the denial of his application for compensation for lost earnings. On November 21, 2016, a hearing was held wherein evidence was adduced that the petitioner previously submitted an application to OVS in which he stated that he had not been employed at the time of the shooting, and an employer questionnaire which stated that he was employed only seasonally as a day laborer. The petitioner submitted copies of paystubs for September 1997 only, notwithstanding that the shooting took place in late October 1997, and a US 1040 tax return for 1997 that he had not filed until 2015. Two different social security numbers were listed on his paystubs and tax return. After the hearing, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Initially, contrary to the petitioner's contention, he was not denied the opportunity to present further evidence or to appear at a further hearing. At the close of the November 21, 2016, hearing, the court took the matter on submission, adjourning it only for a "control date." No further hearing was held and, in any event, the petitioner stated on the record that he had provided the court with "everything" and had no further evidence to submit.
The determination denying the petitioner's application for lost earnings was not arbitrary and capricious (see Matter of Manning v New York State-Unified Ct. Sys., 153 AD3d 623). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (id. at 431).
Executive Law § 631(3) provides, in relevant part, that "[a]ny award made for loss of earnings . . . shall . . . be in an amount equal to the actual loss sustained." In circumstances where it is established that a claimant is unemployed at the time of the injury, a denial of a claim for lost earnings will be sustained in the absence of nonspeculative proof (see Matter of Starkman v Fischetti, 252 AD2d 845; Matter of Ortiz v Leak, 214 AD2d 840; Matter of Beaton v Crime Victims Bd., 213 AD2d 354). Moreover, "any award for loss of earnings . . . shall be limited to the victim's income which has been reported to an appropriate taxing authority" (9 NYCRR 525.12[i][1][ii]). Claims may be approved only if OVS finds that the claimant will suffer financial difficulty absent approval of the award (see Executive Law § 631[6][a]).
Here, the petitioner failed to present evidence establishing that he was employed at the time of the crime or that he suffered financial hardship as a result of his injuries. Furthermore, since his September 1997 paystubs and 1997 US 1040 tax return listed two different social security numbers, the petitioner also failed to demonstrate that he reported his income to the appropriate taxing authority. As such, the petitioner failed to satisfy his burden of proof to entitle him to compensation for lost earnings (see 9 NYCRR 525.8[b]; Matter of Rigaud v Crime Victims Compensation Bd., 94 AD2d 602). Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court