JOSEPH AVON NICKENS, JR. AND WILLIAM ARTHUR RHODES *v.* STATE OF MARYLAND

[No. 353, September Term, 1972.]

*Decided March 9, 1973.*

---

The cause was argued before ORTH, C. J., and POWERS, J., and WILLIAM M. CAVE, Associate Judge of the District Court of Maryland for District 6 and ROBERT J. WOODS, Associate Judge of the District Court of Maryland for District 5, specially assigned.

*Gerald A. Kroop* for appellants.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, David B. Allen, Assistant Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Phillip Epstein, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

CAVE, J., delivered the opinion of the Court.

On February 25, 1972, Appellants William Arthur Rhodes and Joseph Avon Nickens, Jr., were tried, along with two other defendants in the Criminal Court of Baltimore, by Judge David Ross. Appellant Rhodes was convicted of possession of heroin with intent to distribute and sentenced to fifteen (15) years imprisonment; two counts of possession of controlled paraphernalia for which he received four (4) years on each count to run concurrently; maintaining a dwelling house as common nuisance and sentenced to a fifteen (15) year term to run concurrently; and maintaining an automobile as a common nuisance for which he also received a concurrent fifteen year sentence. Appellant Nickens was convicted of possession of heroin and sentenced to three (3) years imprisonment.

Both Appellants complain of the admission of evidence seized incident to the execution of a search warrant. They attack the probable cause based upon information

obtained by a police officer from confidential informants on the grounds that the application for the search warrant did not set forth the dates on which the confidential informants had made their observations, relying on *Edwards v. State,* 13 Md. App. 546, 284 A. 2d 10 (1971). At the oral argument the attorney for Appellants did not press this contention in light of the reversal by the Court of Appeals in *State v. Edwards,* 266 Md. 515, 295 A. 2d 465 (1972). In addition, the affidavit in support of the search warrant in this case sets forth specific dates of the affiant's independent observations verifying the information of the informants. We hold the admission of the evidence by Judge Ross was proper.

Appellant Rhodes raises two additional contentions on his appeal:

I. The Trial Court considered hearsay testimony, without corroboration, introduced at the time of sentencing.

II. The evidence did not establish a repeated or recurrent conduct sufficient to convict Appellant of maintaining a dwelling house and automobile as a common nuisance in violation of Article 27 Section 286 (Raised by Appellant at oral argument, although not briefed).

At the hearing on sentencing before Judge Ross, the State called the investigating officer, Detective Ronald Sallow of the Baltimore Police Department. Over objection by Appellant's attorney, Det. Sallow testified that he had been a member of the Narcotics Squad for two years and investigated in excess of three hundred (300) cases relating to narcotics. He stated that Appellant Rhodes was the number two man in a very large organization spanning the entire city of Baltimore, that he was called a "distributor," and was a "bundle drop-off man."

Det. Sallow further testified that he acquired this information through numerous informants, "both reliable

and informants whose reliability has not been corroborated, and through my personal investigation and my street knowledge." He did not state who the informants were nor how he had determined their reliability. On cross-examination he stated that he had seen Rhodes on prior occasions, but the only time he had observed Rhodes with contraband was at the time of the search. Sallow had followed Rhodes but had not seen him "drop bundles." No further facts of Sallow's investigation were testified to and he acknowledged the rest of his opinion was based on information he had received, without reference to the source thereof.

Appellant Rhodes objected to the testimony of Det. Sallow and moved to strike it from the record. The motion was denied by the Trial Judge and sentence was imposed without comment as to what facts or information he relied upon or considered. Appellant contends that it was error for the Trial Judge to receive Det. Sallow's testimony as it did not comply with the statutory requirements of Article 27 Section 298 (f), which reads:

> "(f) Use of hearsay evidence.—Notwithstanding any provision of law to the contrary, at any hearing relating to bail or sentencing arising out of any violation or alleged violation of any provision of this subheading, hearsay evidence shall be admissible if relevant to the issue and if the underlying circumstances upon which it is based and the reliability of the source of information is demonstrated."

The State argues that it was the intention of the Maryland Legislature to relax evidentiary standards relating to sentencing procedures in narcotic cases, the implication being that the sentencing judge should be informed of the full extent of a convicted defendant's involvement with narcotics and assess greater penalties to distributors in an effort to stem the flow of illicit drug traffic. The State further contends that there was substantial com-

pliance with Section 298 (f) and a restrictive interpretation would defeat the legislative purpose of this section.

It is well settled that the sentencing judge is not limited by the strict rules of evidence, and the procedural policies of the State encourage him to consider information concerning the convicted person's reputation, habits, mental and moral propensities, and other matters that a judge ought to have before him in determining the sentence that should be imposed, *Mahoney v. State,* 13 Md. App. 105; *Smith v. State,* 5 Md. App. 633. The sentencing judge may properly consider information obtained outside the courtroom and from persons whom the defendant has not been given the opportunity to confront or cross-examine, provided the information is called to the defendant's "attention so as to afford him an opportunity to refute or discredit it." *Baker v. State,* 3 Md. App. 251.

The discretion of the sentencing judge, however, is not exempt from constitutional due process under the Fourteenth Amendment, *e.g.* consideration of convictions that are "wholly unconstitutional under *Gideon v. Wainwright,* 372 U. S. 335"; *United States v. Tucker,* 404 U. S. 443, 30 L.Ed.2d 592, 92 S. Ct. 589. Nor, can an act of a legislative body provide for procedures that violate due process.

Section 298 (f), which is confined in its scope to violations of law pertaining to Controlled Dangerous Substances, permits the sentencing judge to receive hearsay testimony. It does not, however, provide that conclusions of police officers are admissible unless there are facts stated that support the conclusions. It was not the intention of the Legislature to allow the sentencing judge to consider all information of any nature relevant to the defendant without regard to the source or trustworthiness of hearsay presented. The enactment mandates the constitutional protections by permitting the production of hearsay evidence if ". . . the underlying circumstances upon which it is based and the reliability of the

source is demonstrated." The question of reliability is for the determination of the sentencing judge. Det. Sallow testified that Appellant was a "bundle drop-off man" who "dropped off" bundles of heroin daily to dealers who distribute heroin. Sallow had followed Appellant on occasions but had never seen him "drop bundles." His conclusion that Appellant was a "drop-off man" obviously was based upon what some person or persons told him. The detective, however, did not relate to the court what was said or by whom. There were no "underlying circumstances" present that afforded the sentencing judge an opportunity to determine reliability. The only evidence regarding "reliability" was the officer's statement that he had acquired his information from "both reliable" informants and those whose "reliability" had "not been corroborated." It may be that a police officer has sufficient training and experience to interpret the information or corroborate it with his own investigation, but the statements themselves, as related to the officer or witness, must be recited to the sentencing judge. It is the specific facts constituting the hearsay, not the witness's conclusion therefrom, that are admissible to establish informational reliability.

In addition to required informational reliability, there must be some showing of the credibility of the source. This is not to say that the credibility requirements are necessarily as restrictive as those required to establish probable cause in an ex-parte proceeding. *Spinelli v. United States,* 393 U. S. 410.[1] In determining what sentence to impose, the consideration given to hearsay evidence must depend upon the extent of the reliability that is affirmatively established on the record. Unbridled hearsay or opinions of witnesses, without supporting facts, should not be received.

---

1. A comprehensive analysis of the decisions of the Supreme Court of the United States tracing the evolution of the two-prong test for establishing reliability to satisfy the Fourth Amendment requirements of probable cause, is set forth in the concurring opinion of Judge Moylan in *Dawson v. State,* 14 Md. App. 18.

Judge Ross may have determined the culpability of Appellant on the occasion of the trial and believed that observation, in and of itself, justified the sentences. We are unable to ascertain from the record before us whether or not Judge Ross was influenced by the impermissible consideration of Detective Sallow's testimony. If any part of the sentences is attributable to the consideration of that testimony, then Appellant Rhodes was denied due process of law. At a resentencing, the State may be able to show that the underlying circumstances and reliability of the source of Det. Sallow's information satisfies the requirements of Section 298 (f).

Appellant Rhodes raised the contention that there was no evidence produced at trial from which the trial judge could find him guilty of keeping his automobile as a common nuisance and keeping his apartment as a common nuisance. Although not raised in his brief, Appellant requested that we consider this point at the time of oral argument. In light of this Court's ruling in *Skinner v. State*, 16 Md. App. 116, reported October 20, 1972, after Appellant had filed his brief, we agree to consider it.

The only evidence introduced at the time of trial, in this regard, was the items seized at the time the search warrants were executed on Appellant's automobile and apartment. The search of the automobile turned up forty-three (43) glassine bags of heroin. The search of the apartment produced numerous articles of narcotic paraphernalia and contraband drugs. No testimony was elicited concerning the presence of any of these items at anytime other than on the day they were seized. No testimony was introduced showing any violations occurring prior to the time the police executed their search.[2]

2. Prior to the trial before Judge Ross, sitting without a jury, the Motion to Suppress the Evidence was heard and the sufficiency of the affidavit considered by Judge Ross. After the commencement of the trial, the State introduced the search warrant with the affidavit attached. It was proferred as being the warrant referred to earlier (referring to the pre-trial Motion to Suppress), and introduced without objection, "to keep the record straight."
The affidavit contains allegations of related criminal activity on days prior to the date in question with respect to both the auto-

292

The proof of narcotic violations occurring only at the time in question was insufficient to establish the element of the recurring nature of the offense of "common nuisance." The two convictions for maintaining a common nuisance must be reversed and remanded for a new trial.

> *Judgment as to appellant Nickens affirmed; judgments as to appellant Rhodes in indictment number 4246 and indictment number 4247 charging maintenance of a common nuisance reversed and remanded for new trial; conviction on indictment number 4244 charging possession with intent to distribute heroin and two offenses of possession of paraphernalia affirmed; sentences thereon vacated and case remanded for resentencing in accordance with this opinion.*

---

mobile and apartment. Although it is not clear from the record, it would appear that it was the intention of the State and defense counsel to admit the exhibit limited to the Motion to Suppress and not as substantive evidence before the Court.