## CAROLYN J. GOSSARD *v.* CRIMINAL INJURIES COMPENSATION BOARD

[No. 127, September Term, 1976.]

*Decided February 2, 1977.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ., and ROBERT F. SWEENEY, Chief Judge of the District Court of Maryland, specially assigned.

*Edward John Skeens* for appellant.

Court did not wish to hear from appellee. *Francis B. Burch, Attorney General,* and *Gilbert H. Robinette, Assistant Attorney General,* on the brief.

Digges, J., delivered the opinion of the Court.

The appellant in this case presents for our consideration the startling proposition that a man who fathers a child is not related to that child within the third degree of consanguinity. However that may be as a legal fiction in other circumstances, we need not here ponder the riddle overlong, for we are clear that under the statute before us the suggestion must be rejected out of hand.

This case involves a claim for an award under the Criminal Injuries Compensation Act, Md. Code (1957, 1973 Repl. Vol. & 1976 Cum. Supp.), Art. 26A, §§ 1-17, the statute through which the General Assembly undertook to provide a measure of financial assistance in specified circumstances to innocent victims of crime and their dependents. *See generally Criminal Inj. Comp. Bd. v. Gould,* 273 Md. 486, 495-96, 331 A. 2d 55, 62 (1975). The portions of the Act central to our decision are § 5 (b), excluding from eligibility for an award a member of the family of a person criminally responsible for the crime, and § 2 (d) (1), defining "family" to include "any person related to [another] person within the third degree of consanguinity . . . ." [1] The issue presented in this case is whether the claimant, the illegitimate child of an assailant and his victim, is a member of the "family" of the perpetrator of the crime so as to render that child ineligible to receive compensation under the Act.

The record discloses that Carolyn J. Gossard filed a claim with the Criminal Injuries Compensation Board on behalf of David Michael Gossard, the dependent minor son of her

---

1. Section 5 (b) provides in full:

    A person who is criminally responsible for the crime upon which a claim is based or an accomplice of such person or a member of the family of such persons shall not be eligible to receive an award with respect to such claim.

    Section 2 (d) reads in its entirety:

    "*Family*" when used with reference to a person, shall mean (1) any person related to such person within the third degree of consanguinity or affinity, (2) any person maintaining a sexual relationship with such person, or (3) any person residing in the same household with such person.

deceased sister, Sandra Louise Jordan.[2] The mother had been stabbed to death on July 20, 1974 by Michael Tony Errigo, who is conceded by the parties to be David's biological father. The claim was denied on August 12, 1975 by order of the single board member to whom it was assigned for decision. Art. 26A, § 8. On appeal this order was affirmed by the full board, Art. 26A, § 9, that body noting that "a child is within the first degree of consanguinity with his parent and pursuant to the Statute, persons within that degree of relationship to the assailant are clearly excluded from receiving an award." On review by the Circuit Court for Prince George's County (Ralph W. Powers, C. J.), that decision was affirmed. The appellant thereupon noted a further appeal to the Court of Special Appeals, but we granted certiorari on our own motion before that court considered the case. We now affirm the decision of the circuit court.

Is David Michael Gossard, formerly Michael David Errigo, a member of Michael Tony Errigo's family? David answers no. He reads the language of § 2 (d) (1) which defines "family" as "any person *related to* [another] person within the third degree of consanguinity . . . ," (emphasis added) as requiring, in addition to a blood relationship, a "legal relationship" to establish one as a family member for purposes of the Criminal Injuries Compensation Act. As we understand David's contention, it is that because he is the *illegitimate* son of Michael Tony Errigo, and as such could not inherit from him under the law governing intestate succession, *see* Md. Code (1974), Est. & Trusts Art., §§ 1-208, 1-209, 3-103, no legal relationship exists between them, so that he is not a member of his father's "family" and thus is not precluded by § 5 (b) from claiming compensation under the Act. This proposition is clearly untenable. We perceive no basis in policy, precedent, or common sense for interpreting "related to" as encompassing a legal relationship, since the words clearly modify "within the

---

**2.** The child, formerly named Michael David Errigo, was adopted by his aunt, Carolyn Gossard, on February 3, 1975, and as a consequence his name was changed to David Michael Gossard.

third degree of consanguinity," and thus refer solely to a blood kinship. No cogent reason has been offered — and we can conceive of none — for engrafting upon the Criminal Injuries Compensation Act, as urged by the appellant, the entirely unrelated tenets of the statute regulating estates of decedents. The fact that David may not be considered the "child of his father" under § 1-208 of the Estates and Trusts Article for purposes of inheritance is wholly irrelevant to his claim, since here an unambiguous definition of "family" is contained within the four corners of the Criminal Injuries Compensation Act itself; there is simply no reason to look elsewhere for assistance in interpreting its meaning. *See, e.g., Balto. Gas & Elect. Co. v. Board,* 278 Md. 26, 31, 358 A. 2d 241, 244 (1976); *Harden v. Mass Transit Adm.,* 277 Md. 399, 406, 354 A. 2d 817, 821 (1976). Moreover, the appellant concedes, as he must, that the terms of the statute would preclude an award to a *legitimate* child under otherwise identical circumstances; in our view, it would be irrational to hold that the legislature intended to allow awards to illegitimate children while denying them to those who are legitimate. In an era in which the trend is toward mitigation of the impact of illegitimacy, *see Thomas v. Solis,* 263 Md. 536, 542, 283 A. 2d 777, 780 (1971); *Second Report of Governor's Commission to Review and Revise the Testamentary Law of Maryland* 9 (1968), *quoted in Dawson v. Eversberg,* 257 Md. 308, 315, 262 A. 2d 729, 733 (1970), it would be anomalous to adopt a distinction between legitimate and illegitimate children where the terms of the statute do not make such a distinction.

The parties having stipulated the existence of a father-son blood relationship between the criminal and the child, the conclusion that the unambiguous terms of the Act exclude the child from compensation follows as a matter of course.

*Judgment affirmed; costs to be paid by the appellant.*