■ In the Matter of EDWARD V. REGAN, as Comptroller of the State of New York, Petitioner, v CRIME VICTIMS COMPENSATION BOARD et al., Respondents.—Proceeding instituted in this court pursuant to section 629 of the Executive Law, to review a determination of the Crime Victims Compensation Board, which awarded the sum of $592.78 for medical expenses. On May 25, 1979, claimant was injured when she fell down a flight of stairs while entering a subway station. On June 5, 1979, claimant filed a claim with the Crime Victims Compensation Board, alleging that she was pushed down a flight of stairs causing her injuries. Commissioner Petromelis was assigned to review the claim and disallowed the claim on the grounds that the investigation revealed no evidence of a crime. "The aided report indicates that the claimant's injuries resulted from an accidental fall and not as the result of a crime." Upon appeal, the decision of the commissioner, after review by the Crime Victims Compensation Board, dated May 13, 1980, was reversed, and claimant was awarded the sum of $592.78. The board stated that claimant maintains that her fall and the resultant injuries were the

result of the commission of a crime; that she was pushed by a person or persons unknown. The police aided report confirms the incident as to time, place and injuries. It does not, however, make mention of the claimant's position that the fall was the result of an assault. Without the testimony of claimant, the burden of proof would not have been met, but we have her testimony, and it should not be ignored. The gist of claimant's testimony was that although she had no specific recollection of feeling someone push her, she does recall, "being propelled through the air with great force and not striking a single step." The burden of proof in a proceeding under article 22 of the Executive Law rests upon the claimant. An award cannot be granted absent proof by the claimant that a crime has been committed *(Matter of Gryziec v Zweibel,* 74 AD2d 9). A review of the record herein leads to the conclusion that claimant failed to meet the burden of establishing by substantial evidence that the essential elements necessary to support a grant of an award existed. Determination annulled, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.