■ In the Matter of JEANNE RIGAUD, Petitioner, v CRIME VICTIMS COMPENSATION BOARD, Respondent. — Determination of the respondent board rendered on October 5, 1981, which denied petitioner's claim for compensation is confirmed, without costs. Petitioner's husband, 50-year-old Gerard Rigaud, was stabbed to death in Brooklyn, on October 12, 1980, following a verbal altercation. He was survived by the petitioner, his wife, and four children. On November 19, 1980, the petitioner filed a claim with the respondent Crime Victims Compensation Board. Decedent's occupation was given as "handyman." On June 19, 1981, a board member, pursuant to section 627 of the Executive Law and 9 NYCRR 525.4, awarded the petitioner out-of-pocket expenses (funeral and hospital) of $1,611, but denied her request for an award for loss of support compensation on the grounds she failed to substantiate the alleged loss of support resulting from her husband's death. Petitioner appealed and a hearing to review this decision was held by the board on July 16, 1981. At the hearing, the petitioner explained that her husband had no employer. She further testified that she had no knowledge of the source of his income, except that he did odd jobs and occasional auto repairs. Police reports indicated petitioner and the victim were separated and living apart. However, the wife testified that they were living together at the time of the homicide. She was unable to provide any documentary evidence showing her husband was employed at the time of the crime or immediately prior thereto. Petitioner could not supply Federal or State income tax returns of her husband, evidence of recent Social Security contributions, names of any employers or customers of the deceased. In fact, the income tax returns which were submitted show petitioner to be the head of the household and there is no evidence that she had received an amount of $75 to $100 per week from the victim. One of the

petitioner's daughters testified that she believed that her father sometimes gave her mother money and the other said that she had seen her father give money to her mother. Attempting to bolster this testimony, petitioner submitted four affidavits. However, the affiants do not allege any personal knowledge that the victim was providing support in the claimed amount of $75 to $100 per week. There is no provision in section 620 *et seq.* of the Executive Law or in 9 NYCRR Part 525 which requires documentary proof on the part of a claimant to establish a claim. Subdivision 4 of section 627 of the Executive Law recites that a board member "may decide such claim in favor of a claimant * * * on the basis of the papers filed in support thereof and the report of the investigation" but that if he is unable to decide the claim on the basis of the papers and report, "he shall order a hearing." At this hearing, the statute explicitly provides that "any relevant evidence, not legally privileged, shall be admissible." (See, also, 9 NYCRR 525.3 [c]; 525.6.) The determination of the board, affirming the initial decision which denied compensation for petitioner, was supported by substantial evidence in the record, considered as a whole, and should not be disturbed. (See *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230, 231.) Pursuant to 9 NYCRR 525.6 (b), "[t]he claimant shall have the burden of proof" (see, also, *Matter of Regan v Crime Victims Compensation Bd.,* 78 AD2d 568, 569). Here petitioner did not present evidence, documentary or otherwise, adequate to meet that burden of proof, although afforded every opportunity. There was ample basis for the board's finding that she was not entitled to loss of support compensation. When an administrative body such as respondent herein has a rational basis for its determination, the court will not interfere with that determination (*Matter of Sullivan County Harness Racing Assn. v Glasser,* 30 NY2d 269, 277). Regrettable as petitioner's situation may be, the Legislature, in enacting article 22 of the Executive Law, never intended to remedy all of the damages which might result from a crime. The legislation constitutes a limited departure from the common law and should be strictly construed (*Matter of Gryziec v Zweibel,* 74 AD2d 9). It enables the board to provide financial aid to victims or their dependents under limited circumstances. There is no legal right to be awarded the aid but rather, it is granted explicitly "as a matter of grace" (Executive Law, § 620; *Matter of Gryziec v Zweibel, supra,* at p 13). Concur — Carro, J. P., Asch, Bloom, Fein and Kassal, JJ.