■ In the Matter of NANCY ORTIZ, Petitioner, v BARBARA LEAK et al., Constituting the Crime Victims Board of the State of New York, Respondents. [625 NYS2d 329] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Crime Victims Board which, *inter alia,* denied petitioner's application for an award of lost earnings.

On October 9, 1991 petitioner was shot in the left knee by an unidentified assailant. She was hospitalized and underwent surgery. Following her release from the hospital on November 11, 1991, petitioner submitted a claim to the Crime Victims Board pursuant to Executive Law article 22. Following a Board investigation, respondent Lorraine Felegy, a member of the Board, issued a determination finding that petitioner qualified as an innocent victim entitled to compensation. Petitioner was awarded $100 for her loss of personal property and unlimited reimbursement for related medical expenses not covered by Medicaid. Petitioner appealed to the Board contending that she was entitled to awards for lost earnings, vocational rehabilitation and counsel fees. Following a hearing, the Board modified the first determination by awarding counsel fees in the amount of $100, less the retainer paid by petitioner, and otherwise affirmed. Petitioner commenced this CPLR article 78 proceeding pursuant to Executive Law § 629 to review the Board's determination. Supreme Court transferred the proceeding pursuant to CPLR 7804 (g).

We reject petitioner's contention that the Board's determination denying her claims for lost earnings and vocational rehabilitation lacks substantial evidence. The record estab-

lishes that petitioner was unemployed at the time of the crime and had been receiving public assistance since August 1991. Although petitioner claimed to be self-employed as a construction worker, she was unable to provide any documentary evidence such as payroll slips, State or Federal income tax returns, or detailed testimony of her prior employment history in the 18 months preceding the crime, except for a three-week period in mid-*1989*. Without such evidence, the Board was left with "no basis to determine the amount of lost earnings actually sustained" *(Matter of New York State Dept. of Audit & Control v Crime Victims Compensation Bd.,* 76 AD2d 410, 414). Given the highly speculative nature of petitioner's proof, her claim for lost earnings was properly denied *(see, supra)* because she failed to meet her burden of proof on this issue *(see,* 9 NYCRR 525.6 [b]; *Matter of Rigaud v Crime Victims Compensation Bd.,* 94 AD2d 602, 603; *Matter of Regan v Crime Victims Compensation Bd.,* 78 AD2d 568, 569).

Furthermore, petitioner failed to establish her need for vocational rehabilitation. An award for rehabilitative occupational training may be made "based upon the claimant's medical and employment history" (Executive Law § 631 [2]). As noted, there was insufficient proof of prior employment history. Additionally, petitioner did not testify regarding her occupational limitations and made no request for any specific vocational rehabilitation. Petitioner's medical proof subsequent to her hospital discharge was limited to two unsworn letters which failed to give any details as to her occupational limitations.

As far as counsel fees, among the factors which the Board must consider in determining the reasonableness of a fee are the novelty and difficulty of the questions and the results obtained *(see,* 9 NYCRR 525.7 [d]). The claims presented were neither novel nor difficult and given the lack of proof from the outset, we cannot say, on the record before us, that the Board abused its discretion to "approve a fee commensurate with the services rendered" (9 NYCRR 525.7 [c]). The Board did err, however, in crediting petitioner with the payment of a $35 retainer. Petitioner's retainer agreement indicates that she paid counsel a $20 retainer. Consequently the determination should be modified to provide that counsel receive $80 rather than the stated $65.

We have considered the other contentions raised by petitioner and find them to be lacking in merit.

Mikoll, Crew III, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is modified, without costs, by

annulling so much thereof as awarded counsel fees in the amount of $65; award counsel fees in the amount of $80; and, as so modified, confirmed.