■ In the Matter of FELICIA CALLICUTT, Petitioner, v STATE OF NEW YORK, EXECUTIVE DEPARTMENT, CRIME VICTIMS BOARD, Respondent. (And Another Related Proceeding.) [665 NYS2d 125] —Yesawich Jr., J. Proceedings pursuant to CPLR article 78 (transferred to this Court by orders of the Supreme Court, entered in Albany County) to review two determinations of respondent which denied petitioners' claims for benefits.

On August 22, 1995, Demere Hannah, Sr., petitioner Felicia Callicutt's son and the father of petitioner Anneesha Smith's child, was fatally shot in the City of Albany. On August 29, 1995 and September 4, 1995, respectively, Callicutt and Smith filed claims with respondent pursuant to Executive Law article 22. Following an investigation by respondent, Christina Hernandez, a member of respondent, issued a determination disallowing petitioners' claims on the grounds that Hannah, by his own conduct, contributed substantially to the cause of his injuries and, therefore, could not be adjudged the innocent victim of a crime. Petitioners appealed to respondent contending that Hannah was innocent. Following hearings, a three-member panel of respondent affirmed Hernandez's determination. Petitioners commenced these CPLR article 78 proceedings to review respondent's determinations. After Supreme Court transferred these proceedings pursuant to CPLR 7804 (g), they were consolidated by this Court.

Initially, we reject petitioners' contention that Hernandez was required to hold hearings prior to denying petitioners' claims (*see*, Executive Law § 627 [4]; 9 NYCRR 525.4 [a]). We further reject petitioners' contention that respondent's denial of their claims lacked substantial evidence. The record establishes that information received from the investigating detective and the Assistant District Attorney demonstrated that Hannah was engaged in an ongoing dispute with the alleged perpetrator just days before the murder. Since petitioners failed to present evidence refuting this information or affirmatively showing that Hannah did not contribute to his injury, they failed to satisfy their burden of establishing the merit of their claims (*see*, *Matter of Regan v Crime Victims Compensation Bd.*, 78 AD2d 568, 569; *see also*, 9 NYCRR 525.6 [b]). Accordingly, respondent's determinations are supported by substantial evidence in the record and should not be disturbed (*see*, *Matter of Ortiz v Leak*, 214 AD2d 840, 841; *Matter of Rigaud v Crime Victims Compensation Bd.*, 94 AD2d 602, 603).

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petitions dismissed.