■ In the Matter of JANE DOE, Petitioner, v GENNARO A. FISCHETTI et al., Constituting the Crime Victims Board of the State of New York, Respondents. [676 NYS2d 262] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Crime Victims Board which denied petitioner's claim for compensation as a crime victim.

In December 1993, petitioner filed a claim with the Crime Victims Board alleging that her landlord had raped her in August 1990 and then continued to sexually harass, threaten and attempt to rape her again. After conducting an investigation, the Board denied petitioner's claim because of a lack of substantiating evidence. Petitioner requested a review of that determination and an administrative appeal review and hearing was conducted. The Board's final determination affirmed the denial of the claim and petitioner commenced this CPLR article 78 proceeding to review the Board's determination. We confirm.

Petitioner's sole contention in this proceeding is that the Board's determination was not supported by substantial evidence and was an abuse of discretion. The burden of presenting evidence to establish proof of her claim was upon petitioner (*see, Matter of Callicutt v State Executive Dept., Crime Victims Bd.*, 245 AD2d 689, 690; *Matter of Regan v Crime Victims Compensation Bd.*, 78 AD2d 568, 569). In support of her claim, petitioner's evidence amounted to her own testimony regarding the alleged rape and sexual harassment by her landlord, along with the testimony of two witnesses who stated that petitioner had confided in them about the crime. However, petitioner did not make a police report about the rape until 1993, more than three years after the alleged incident occurred. Further, there was no medical evidence to support her allegations, despite petitioner's claim that she had been raped a second time in July 1991 and had aborted a resulting pregnancy, and we note that petitioner made no mention of this alleged second rape in her original claim. In addition, the District Attorney's office declined to prosecute the alleged crime because there was insufficient evidence supporting the claim.

In our view, petitioner's own testimony that she had been raped and sexually harassed, combined with her witnesses' testimony that petitioner had told them that she had been raped, does not establish that petitioner was a victim of a crime. In light of the lengthy delay in reporting the incident and the lack of any medical proof of forced sexual intercourse, the Board's conclusion that petitioner failed to meet her burden is supported by substantial evidence and should be left undisturbed (*see, Matter of Ortiz v Leak*, 214 AD2d 840, 841; *Matter of Rigaud v Crime Victims Compensation Bd.*, 94 AD2d 602, 603).

Mikoll, J. P., Mercure, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.