801 A.2d 1092

Ezra R. JOHNSON,

v.

CRIMINAL INJURIES COMPENSATION BOARD.

No. 273, Sept. Term, 2001.

Court of Special Appeals of Maryland.

June 28, 2002.

98

Richard D. Rosenthal and Scott S. London (Tydings & Rosenberg, LLP and Fred S. London, on the brief), Baltimore, for appellant.

Steven G. Hildenbrand, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., HOLLANDER, and M. BROOKE MURDOCK (Specially assigned), JJ.

MURPHY, Chief Judge.

Ezra Johnson, appellant, filed a claim with the Criminal Injuries Compensation Board (the Board), appellee, seeking payment of medical and hospital expenses incurred as a result of injuries he sustained from gunshot wounds. The Board ultimately denied appellant's claim. The Circuit Court for Baltimore City vacated the Board's order and remanded for further proceedings. Appellant argues that the circuit court should have simply reversed the Board's decision and directed that the Board approve his claim. In support of that argument, he presents two questions for our review:

I. Was the decision of the Board in denying the claim for compensation in error because it was not based upon facts supported by substantial evidence, or did the agency abuse its discretion in not approving payment for medical bills?

II. In judicial review, was the trial court bound by the agency record and therefore the court cannot act as an advisor to the agency to correct or reconstitute the agency proceedings by vacating an order at the request of the agency which is not an aggrieved party?

For the reasons that follow, we shall affirm the judgment of the circuit court.

### Factual Background

On August 11, 1999, appellant suffered multiple gunshot wounds that required medical treatment. Appellant filed a timely claim with the Board, seeking payment of medical bills in the amount of $32,641.80, none of which were covered by insurance or medical assistance.[1] Appellant's claim included a

---

1. Appellant filed his claim pursuant to Article 27 §§ 815–832 of the Annotated Code of Maryland. The Criminal Injuries Compensation Act was codified as Md. Ann.Code Art. 27 § 815 *et seq.* (1996 Repl.Vol.) until October 1, 2001, when the Act was re-codified as Md.Code (2001), Criminal Procedure § 11–801 *et seq.* Art. 27 was still in effect at the time of the Board's decision and at the time of the circuit court's decision. Art. 27, § 822 is now codified as Md.Code, Criminal Procedure § 11–814.

copy of the Baltimore City Police Department's Incident Report, copies of his medical bills,[2] and a statement that he did not know the identities of his assailants.

Detective Nevins of the Baltimore City Police Department's Homicide Unit investigated the incident in which appellant was injured. The Board's investigator was informed by Detective Nevins that (1) appellant was one of four people injured in this incident, (2) no suspects had been apprehended, (3) appellant was a "known" drug dealer, (4) the area in which the shooting occurred was the appellant's "territory," and (6) Detective Nevins believed that the shooting was "drug related." Because of the information provided by Detective Nevins, the Board's investigator recommended that the Board deny appellant's claim.

The Board's decision included the following findings and conclusions:

> The claimant was struck by bullets fired by two unknown offenders who exited a car and opened fire. The police investigation revealed claimant was a known drug dealer and the area in which he was shot was his territory. The police believe the shooting was drug-related. The incident was reported to law enforcement authorities on the same day. The claim was received by this Board on November 3, 1999. The offenders have not been identified. As a result of this incident the claimant suffered multiple gunshot wounds.

> This claim has met the statutory requirement for timely reporting to and cooperation with law enforcement authorities, timely submission of an application to this Board for compensation, and cooperation with this Board and the investigative process. . . .

> This claim has been filed pursuant to the provisions of the Criminal Injuries Compensation Act (Article 27, Sections 815–832, Annotated Code of Maryland). The Board has

---

2. Appellant's hospital bills were from the University of Maryland Medical System's, Shock Trauma Center.

reviewed the claimant's application for compensation and supporting documents and has directed an independent investigation of the circumstances surrounding the claim. In arriving at its decision, the Board has considered the entire record, specifically including materials submitted by the claimant, the investigative reports, and all relevant exhibits. The Board also observes that, as required by the cited controlling statute, the burden of proof to establish the authenticity of all material elements of the claim rests with the claimant.

To qualify for an award the claimant must prove that a serious financial hardship would ensue as a result of the criminal injury if an award is not made [Section 825(f)(1) ]. In evaluating such hardship, among other factors, the Board is required by Section 825(d) of [the] statute to reduce any potential award by the amount of any other monies the claimant received from any other source as a result of the crime. If the monies received from other sources exceed the amount of a potential award, no award is payable by the Board. [*See Williams v. Criminal Injuries Compensation Board,* 307 Md. 606, 516 A.2d 573 (1986) ]. . . .

The Board concludes after reviewing the file, the evidence submitted, and after due deliberation that the claimant has not sustained the burden of proof that he is the innocent victim of a crime. . . .

Wherefore, It is Ordered this 13th day of April, 2000, that the herein claim be disapproved, all subject to further order of this Board.

The Board's decision was accompanied by a letter offering appellant an opportunity to (1) submit any information not previously submitted, and (2) request a hearing. After receiving no response or additional information from appellant, the Secretary of Public Safety and Correctional Services rendered a final decision in which he approved the denial of appellant's claim.[3] Appellant then sought judicial review of the Board's

---

**3.** The Board's decision is subject to a final decision by the Secretary of Public Safety and Correctional Services.

decision.[4]

During the judicial review hearing, the Honorable John Carroll Byrnes stated:

I just think that it's such a serious public policy issue on both sides of this. I don't mean to sound as if I think that the result is here is, is the only public policy question. The, [sic] you clearly have a public policy—the Legislature has already addressed it. It said no. So we don't have an open question here of whether these folks who are involved in drug trafficking can claim victim funds. They said no. The real question that's unanswered is the, [sic] what the quality of the proof should be and this judge I suppose, maybe no one else but I[sic] made a little bit uncomfortable as a matter of constitutional due process that a result is based upon, solely upon double hearsay. You don't have, in answering my own question of some minutes ago, the answer is no, there's nothing in this record which can be seen or understood to be an interpretation by the administrative agency of this—of the characteristics of this shooting of that kind is an indicator of drug trafficking on the part of the victim. That's absent from this work. What is present and the only thing present is a double hearsay.

Now, can a reasonable fact finder rely upon that? I suppose they can and that really is in a sense the Litman's [sic] test but it's a little troublesome that somebody says oh, he's a bad guy. Oh, okay. There goes that compensation, you know.

---

4. While appellant's petition for judicial review of the Board's decision was pending in the circuit court, by agreement between counsel, appellant submitted a written statement in the form of a letter addressed to the Board, dated July, 20, 2000. In his statement, which was not under oath, appellant requested the Board to reconsider the decision denying his claim and appellant stated that he was not a drug dealer, that he was not doing anything wrong either before he was shot or at the time he was shot, and that he believed the shooting was not related to anything that he had any knowledge about. The Board's counsel thereafter informed one of appellant's counsel that the Board declined to change its decision.

* * *

Okay. Then we're in agreement. That's, since we're simply trying to clarify my expression that's all I was doing there. So we're not in disagreement on the principals [sic] of law but I am of a mind to remand this with a direction to conduct a hearing so that an evidentiary base can be presented and at that hearing I do believe that by implication the Legislature wants third parties to be engaged in this process so they should be entitled to participate in the hearing. And with reference to the discretion argument, I'm not going to, I don't want to place that in the order. I think that's a legal issue that, with which we really don't disagree.

Judge Byrnes thereafter entered the following order:

The decision of the Criminal Injuries Compensation Board denying the claim of Ezra Johnson is hereby VACATED.... This case is hereby remanded to the Criminal Injuries Compensation Board with instructions that the Board conduct an administrative hearing in this matter permitting all interested parties to participate, subject to the extent of their interests and standing, and upon notice to counsel for all such parties.... That upon review by the Secretary of the Department of Public Safety and Correctional Services, the Criminal Injuries Compensation Board shall issue its decision following the hearing aforesaid.... This Court shall retain jurisdiction of this court case so as to review the decision of the Criminal Injuries Compensation Board if Appellant so requests further judicial review.

██ This appeal followed.[5]

## Standard of Review

Judicial review of an administrative agency's decision is authorized by Maryland Code (1999 Repl.Vol.), section 10–222

---

**5.** An order to remand under then State Gov't. § 10–215(g), now codified as State Gov't. § 10–222(h), is an appealable order. *See Hickory Hills Ltd. v. Secretary of State*, 84 Md.App. 677, 581 A.2d 834 (1990). Thus, the circuit court's order is appealable and this Court has jurisdiction to hear this appeal.

of the State Government Article. Under section 10–222(h), when exercising such review, the court may:

(1) remand the case for further proceedings;

(2) affirm the final decision; or

(3) reverse or modify the decision if any substantial right of the petitioner may have been prejudiced because a finding, conclusion, or decision:

(i) is unconstitutional;

(ii) exceeds the statutory authority or jurisdiction of the final decision maker;

(iii) results from an unlawful procedure;

(iv) is affected by any other error of law;

(v) is unsupported by competent, material, and substantial evidence in light of the entire record as submitted; or

(vi) is arbitrary or capricious.

■ Judicial review of an administrative agency's decision differs markedly from judicial review of the decision of a trial court:

In the latter context the appellate court will search the record for evidence to support the judgment and will sustain the judgment for a reason plainly appearing on the record whether or not the reason was expressly relied upon by the trial court. However, in judicial review of agency action the court may not uphold the agency order unless it is sustainable on the agency's findings and for the reasons stated by the agency.

*United Steelworkers v. Bethlehem Steel Corp.*, 298 Md. 665, 679, 472 A.2d 62, 69 (1984).

■ "A court's role is limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law." *United Parcel Serv., Inc. v. People's Counsel*, 336 Md. 569, 577, 650 A.2d 226, 230 (1994), *see Bucktail, LLC v. County Council*, 352 Md. 530, 552–53, 723 A.2d 440, 450

(1999). "A reviewing court is under no constraints in reversing an administrative decision that is premised solely upon an erroneous conclusion of law." *Prince George's County v. Brown,* 334 Md. 650, 658, 640 A.2d 1142, 1146 (1994); *see Catonsville Nursing Home,* 349 Md. at 569, 709 A.2d at 753 (quoting *Insurance Comm'r v. Engelman,* 345 Md. 402, 411, 692 A.2d 474, 479 (1997)); *People's Counsel v. Maryland Marine Mfg. Co.,* 316 Md. 491, 497, 560 A.2d 32, 34–35 (1989).

Judicial review of the agency's fact-finding does not involve an independent decision on the evidence. *Catonsville Nursing Home, Inc. v. Loveman,* 349 Md. 560, 569, 709 A.2d 749, 753 (1998); *Anderson v. Department of Pub. Safety & Correctional Servs.,* 330 Md. 187, 212, 623 A.2d 198, 210 (1993). When the agency is acting in a fact-finding or quasi-judicial capacity, we review its decision to determine "whether the contested decision was rendered in an illegal, arbitrary, capricious, oppressive, or fraudulent manner." *Department of Natural Resources v. Linchester Sand & Gravel Corp.,* 274 Md. 211, 224, 334 A.2d 514, 523 (1975); *see Goodwich v. Nolan,* 343 Md. 130, 148, 680 A.2d 1040, 1049 (1996); *Weiner v. Maryland Ins. Admin.,* 337 Md. 181, 190, 652 A.2d 125, 129 (1995).

"A reviewing court, be it a circuit court or an appellate court, shall apply the substantial evidence test to the final decisions of an administrative agency. . . ." *Baltimore Lutheran High Sch. Ass'n v. Employment Sec. Admin.,* 302 Md. 649, 662, 490 A.2d 701, 708 (1985); *see State Highway Admin. v. David A. Bramble, Inc.,* 351 Md. 226, 238, 717 A.2d 943, 949 (1998); *Anderson,* 330 Md. at 212, 623 A.2d at 210; *Bulluck v. Pelham Wood Apts.,* 283 Md. 505, 511–12, 390 A.2d 1119, 1123–24 (1978). In this context, " '[s]ubstantial evidence,' as the test for reviewing factual findings of administrative agencies, has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]' " *Bulluck,* 283 Md. at 512, 390 A.2d at 1123 (quoting *Snowden v. Mayor of Baltimore,* 224 Md. 443, 448, 168 A.2d 390, 392 (1961)); *see Catonsville Nursing Home,* 349 Md. at

569, 709 A.2d at 753; *Caucus Distribs., Inc. v. Maryland Sec. Comm'r,* 320 Md. 313, 323–24, 577 A.2d 783, 788 (1990).

"We are also obligated to 'review the agency's decision in the light most favorable to the agency,' since their decisions are *prima facie* correct and carry with them the presumption of validity." *Catonsville Nursing Home,* 349 Md. at 569, 709 A.2d at 753 (quoting *Anderson,* 330 Md. at 213, 623 A.2d at 210; *Bulluck,* 283 Md. at 513, 390 A.2d at 1124).

## I.

Appellant argues that the circuit court should not have remanded his claim to the Board for further fact finding because (1) the Board did not request that relief until after Judge Byrnes concluded that the Board's decision was not supported by substantial evidence, and (2) the administrative record permitted no conclusion other than the conclusion that the Board must pay appellant's claim. We disagree. The circuit court's authority to remand is not dependent upon (1) a party's request for that relief, or (2) the legal sufficiency of the evidence contained in the administrative record.

The Criminal Injuries Compensation Act was adopted in 1968 as a remedial measure designed to provide monetary benefits to offset some of the economic losses sustained by victims of crime. *See Criminal Injuries Compensation Board v. Gould,* 273 Md. 486, 495–96, 331 A.2d 55 (1975); *see also Gossard v. Criminal Injuries Compensation Board,* 279 Md. 309, 310, 368 A.2d 443 (1977)("the General Assembly undertook to provide a measure of financial assistance in specified circumstances to innocent victims of crime and their dependents"). Since the funds to be disbursed under the Act were public funds, the Act was adopted with statutory prerequisites for monetary awards. *See Gould,* 273 Md. at 498, 331 A.2d 55.

The eligibility prerequisites of the Act require that a claimant not be "... criminally responsible for the crime upon which a claim is based or an accomplice of that person ...," § 819(b).[6] The Board is also required by § 825(e)(1)(i)[7] to

---

6. § 819(b) is now codified as Md.Code, Criminal Procedure § 11–808(a)(2).

" . . . determine whether, because of the victim's conduct, the victim of the crime contributed to the infliction of the victim's injury, and the Board members shall reduce the amount of the award or reject the claim altogether, in accordance with this determination." If a claimant " . . . initiated, consented to, provoked, or unreasonably failed to avoid a physical confrontation with the offender or . . ." was " . . . participating in a criminal offense at the time of the injury inflicted," he may not receive an award pursuant to § 825(e)(3).[8]

In the case at bar, the Board concluded that appellant " . . . has not sustained the burden of proof that he is the innocent victim of a crime." No Maryland appellate court has decided who bears the burden of proving whether the petitioner did or did not contribute to his or her injuries. To answer this question, we examine the language of Md.Code (2001), Crim. Proc. § 11–810,[9] which provides:

---

**7.** § 825(e)(1)(i) is now codified as Criminal Procedure § 11–810(d)(1)(i).

**8.** § 825(e)(3) is now codified as Criminal Procedure § 11–810(d)(3).

**9.** While the language of the statute is the primary source for determining legislative intention, the plain meaning rule of construction is not absolute; rather, the statute must be construed reasonably with reference to the purpose, aim, or policy of the enacting body. The Court will look at the larger context, including the legislative purpose, within which statutory language appears. Construction of a statute which is unreasonable, illogical, unjust, or inconsistent with common sense should be avoided. [Citations omitted.]
*Tracey v. Tracey,* 328 Md. 380, 387, 614 A.2d 590, 594 (1992).
In Maryland, "[t]he cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature." *Oaks v. Connors,* 339 Md. 24, 35, 660 A.2d 423, 429 (1995). Legislative intent must be sought in the first instance in the actual language of the statute. *Marriott Employees Fed. Credit Union v. Motor Vehicle Admin.,* 346 Md. 437, 444–45, 697 A.2d 455, 458 (1997); *Stanford v. Maryland Police Training & Correctional Comm'n,* 346 Md. 374, 380, 697 A.2d 424, 427 (1997) (quoting *Tidewater v. Mayor of Havre of Grace,* 337 Md. 338, 344, 653 A.2d 468, 472 (1995)); *Coburn v. Coburn,* 342 Md. 244, 256, 674 A.2d 951, 957 (1996); *Romm v. Flax,* 340 Md. 690, 693, 668 A.2d 1, 2 (1995); *Oaks,* 339 Md. at 35, 660 A.2d at 429; *Mauzy v. Hornbeck,* 285 Md. 84, 92, 400 A.2d 1091, 1096 (1979); *Board of Supervisors v. Weiss,* 217 Md. 133, 136, 141 A.2d 734, 736 (1958). Furthermore, where the

(a) In general.—(1) The Board may make an award only if the Board finds that:

(i) a crime or delinquent act was committed;

(ii) the crime or delinquent act directly resulted in:

1. physical injury to or death of the victim; or

2. psychological injury to the victim that necessitated mental health counseling;

(iii) police, other law enforcement, or judicial records show that the crime or delinquent act or the discovery of child abuse was reported to the proper authorities within 48 hours after the occurrence of the crime or delinquent act or the discovery of the child abuse; and

(iv) the victim has cooperated fully with all law enforcement units.

(2) For good cause, the Board may waive the requirements of paragraph (1)(iii) and (iv) of this subsection.

(b) *Serious financial hardship.*—Unless total dependency is established, family members are considered to be partly defendant on a parent with whom they reside without regard to actual earnings.

(c) Minimum allowable claim.—The Board may make an award only if the claimant, as a result of the injury on which the claim is based, has:

\* \* \*

(d) Contributory conduct.—(1)(i) Except as provided under subparagraph (ii) of this paragraph, in considering a claim and in determining the amount of an award, the Board shall determine whether the victim's conduct contributed to the infliction of the victim's injury, and, if so, reduce the amount of the award or reject the claim.

---

statutory language is plain and free from ambiguity, and expresses a definite and simple meaning, courts do not normally look beyond the words of the statute itself to determine legislative intent. *Marriott Employees*, 346 Md. at 445, 697 A.2d at 458; *Kaczorowski v. Mayor of Baltimore*, 309 Md. 505, 515, 525 A.2d 628, 633 (1987); *Hunt v. Montgomery County*, 248 Md. 403, 414, 237 A.2d 35, 41 (1968).

(ii) The Board may disregard the responsibility of the victim for the victim's own injury if that responsibility is attributable to efforts by the victim:

1. to prevent a crime or delinquent act or an attempted crime or delinquent act from occurring in the victim's presence; or

2. to apprehend an offender who had committed a crime or delinquent act in the victim's presence or had committed a felony or delinquent act that would be a felony if committed by an adult.

\* \* \*

(3) A claimant may not receive an award if:

(i) the victim initiated, consented to, provoked, or unreasonably failed to avoid a physical confrontation with the offender; or

(ii) the victim was participating in a crime or delinquent act when the injury was inflicted.

The language of section 11–810 does not expressly address the question of who has the burden of persuasion. The *Gould* Court stated that "[t]he Maryland version [of the Criminal Injuries Compensation Board] is modeled upon the New York statute, adopted in 1966, creating the Crime Victims Compensation Board (N.Y. Exec. Law, Art. 22, McKinney (1972))." 273 Md. at 497, 331 A.2d 55. Under New York law, once there is sufficient information to generate the issue of whether the claimant contributed to his or her injuries, the claimant must shoulder the burden of persuasion on that issue. *See, e.g., Callicutt v. Executive Dep't, Crime Victims Bd.,* 245 A.D.2d 689, 665 N.Y.S.2d 125 (3d Dep't 1997), in which the court explained:

The record establishes that information received from the investigating detective and the Assistant District Attorney demonstrated that Hannah was engaged in an ongoing dispute with the alleged perpetrator just days before the murder. ***Since petitioners failed to present evidence refuting this information or affirmatively showing that***

*Hannah did not contribute to his injury, they failed to satisfy their burden of establishing the merit of their claims* (*see Matter of Regan v. Crime Victims Compensation Bd.,* 78 A.D.2d 568, 569 [431 N.Y.S.2d 736]; *see also,* 9 NYCRR 525.6[b][; NY CLS Exec § 624–2. ("A person who is criminally responsible for the crime upon which a claim is based or an accomplice of such person shall not be eligible to receive an award with respect to such claim").]). Accordingly, respondent's determinations are supported by substantial evidence in the record and should not be disturbed (*see, Matter of Ortiz v. Leak,* 214 A.D.2d 840, 841 [625 N.Y.S.2d 329]; *Matter of Rigaud v. Crime Victims Compensation Bd.,* 94 A.D.2d 602, 603 [461 N.Y.S.2d 840]).

*Callicutt,* 245 A.D.2d at 690, 665 N.Y.S.2d at 126 (emphasis and language added). Other jurisdictions are in accord.[10] We agree with those authorities and hold that, when the circumstances are such that the Board must decide whether the petitioner did or did not contribute to his or her injuries, the petitioner has the burden of persuasion on that issue.

■ To determine whether administrative agency findings and conclusions are supported by the record, the court must

---

10. *See In re Martin,* 61 Ohio Misc.2d 280, 578 N.E.2d 562 (Ohio Ct.Cl.1988), in which the court opined:

The single commissioner correctly found that, in the first instance, the burden of proof regarding contributory misconduct rests with the Attorney General. *In re Williams* (Mar. 26, 1979), Ct. of Claims No. V77–0739jud, unreported; and *In re Brown* (Dec. 13, 1979), Ct. of Claims No. V78–3638jud, unreported. However, the single commissioner failed to note that the decedent was convicted in 1969 of breaking and entering in the daytime under former R.C. 2907.15, and then in effect. This conviction apparently constituted a felony, thereby causing a shift in the burden of proof to the applicant pursuant to R.C. 2743.60(F)(1). Because we have sufficient proof of contributory misconduct in the statements of the offender, the evidence of physical injury to the offender found in the Attorney General's trial exhibit "A", and the overall results of the police investigation, the burden must shift to the applicant to prove a lack of contributory misconduct on the part of the decedent.

*In re Martin,* 61 Ohio Misc.2d at 283 [578 N.E.2d 562]. *See also* Andrea G. Nadel, Annotation, *Statutes Providing for Governmental Compensation for Victims of Crime,* 20 A.L.R.4th 63, sec 7.5 (1983, Cum. Supp. 2002).

be in a position to review findings and conclusions that are sufficiently specific. *Tron v. Prince George's Co.,* 69 Md.App. 256, 270–72, 517 A.2d 113 (1986). The appellate courts of this State have repeatedly held that if agency decisions are not sufficiently clear to allow for meaningful appellate review or fail to reflect findings or reasons, then the appropriate remedy is to remand the matter to the agency for the purpose of correcting the deficiency. *Montgomery Co. v. Stevens,* 337 Md. 471, 486, 654 A.2d 877 (1995); *Atlantic Venture, Inc. v. Supervisor of Assessments of Baltimore City,* 94 Md.App. 73, 84, 615 A.2d 1210 (1992); *Colao v. County Council of Prince George's Co.,* 109 Md.App. 431, 454, 675 A.2d 148 (1996); *see also Harrison v. PPG Industries, Inc.,* 446 U.S. 578, 594, 100 S.Ct. 1889, 1898, 64 L.Ed.2d 525, 538(1980)("court is not without recourse in the event it finds itself unable to exercise informed judicial review because of an inadequate administrative record. In such a situation, [the] court may always remand a case to the agency for further consideration.")

In the case at bar, the Board did not (1) explain why it required appellant to prove that he was not disqualified under § 819(b) or under § 825(e)(3), (2) make factual findings on the issue of why it was not persuaded that appellant did not contribute to his injuries, and (3) state how much weight it assigned to Detective Nevins' belief that the shooting was drug related. Thus, the administrative record is inadequate to allow for informed judicial review. Under these circumstances, a remand is necessary.

While hearsay evidence can be the sole basis for an administrative agency's decision, the hearsay evidence must be "credible and probative." *Changing Point, Inc. v. Maryland Health Resources Planning Comm'n,* 87 Md.App. 150, 170, 589 A.2d 502 (1991). Moreover, this Court has rejected the proposition that a person involved in criminal activity on a prior occasion "traveled the streets enveloped in probable cause ..." *Silbert v. State,* 10 Md.App. 56, 65, 267 A.2d 770 (1970). We are persuaded that if the Board is relying upon hearsay evidence to "shift" the burden of persuasion to appel-

lant, the hearsay should be at least as reliable as the kind of hearsay that is admissible at a sentencing proceeding. In *Nickens v. State*, 17 Md.App. 284, 301 A.2d 49 (1973), this Court imposed the following limitations on the sentencing judge's consideration of hearsay evidence:

Section 298 (f) [of the Maryland Controlled Dangerous Substances Act] ... permits the sentencing judge to receive hearsay testimony. It does not, however, provide that conclusions of police officers are admissible unless there are facts stated that support the conclusions. It was not the intention of the Legislature to allow the sentencing judge to consider all information of any nature relevant to the defendant without regard to the source or trustworthiness of hearsay presented. The enactment mandates the constitutional protections by permitting the production of hearsay evidence, if '... the underlying circumstances upon which it is based and the reliability of the source is demonstrated.' The question of reliability is for the determination of the sentencing judge. Det. Sallow testified that Appellant was a 'bundle drop-off man' who 'dropped off' bundles of heroin daily to dealers who distribute heroin. Sallow had followed Appellant on occasions but had never seen him 'drop bundles.' His conclusion that Appellant was a 'drop-off man' obviously was based upon what some person or persons told him. The detective, however, did not relate to the court what was said or by whom. There were no 'underlying circumstances' present that afforded the sentencing judge an opportunity to determine reliability. The only evidence regarding 'reliability' was the officer's statement that he had acquired his information from 'both reliable' informants and those whose 'reliability' had 'not been corroborated.' It may be that a police officer has sufficient training and experience to interpret the information or corroborate it with his own investigation, but the statements themselves, as related to the officer or witness, must be recited to the sentencing judge. It is the specific facts constituting the hearsay, not the witness's conclusion therefrom, that are admissible to establish informational reliability.

In addition to required informational reliability, there must be some showing of the credibility of the source.... Unbridled hearsay or opinions of witnesses, without supporting facts, should not be received.

*Id.* at 289–290, 301 A.2d 49.

 In the case at bar, the information supplied by Detective Nevins was not sufficient to generate the issue of whether appellant was shot as a result of his participation in criminal conduct. Thus, the Board erred in requiring that appellant bear the burden of persuading the Board that he did not contribute to his injuries.[11]

 Appellant argues that the case should not be remanded for further proceedings. We disagree. It is true that when an appellate court reverses a criminal conviction on the ground that the evidence was insufficient, the accused cannot be prosecuted again. That protection against being placed in double jeopardy does not apply to administrative proceedings. "It is familiar appellate practice to remand causes for further proceedings without deciding the merits, where justice demands that course in order that some defect in the record may be supplied. Such a remand may be made to permit further evidence to be taken or additional findings to be made upon essential points." *Ford Motor Co. v. Labor Board,* 305 U.S. 364, 373, 59 S.Ct. 301, 83 L.Ed. 221 (1939) (footnotes omitted). "Under Md. State Gov't Code Ann. § 10–215(g)(1), the circuit court may remand the case to an administrative agency for further fact finding if the court finds the agency's record devoid of substantial evidence." *Hickory*

---

11. According to appellant's brief, the record demonstrated that neither the police investigating the crime scene, the ambulance attendants that transported appellant to the hospital, or the hospital personnel that treated appellant found any evidence of:

"(1) drugs, i.e., controlled dangerous substances;
(2) large amounts of cash which would create an inference of a sale of drugs;
(3) weapons, i.e., no guns, knives, bullets;
(4) no evidence of paraphernalia of manufacture, sale, distribution or possession of drugs or controlled dangerous substances."

*Hills Ltd., supra,* 84 Md.App. at 685, 581 A.2d 834. We are therefore persuaded that Judge Byrnes neither erred nor abused his discretion when he remanded the case to the Board for additional fact finding.

Upon remand, the Board must first determine whether there exists enough credible and probative (hearsay or non-hearsay) evidence to generate the issue of whether appellant engaged in criminal conduct that contributed to the injuries he sustained on the occasion at issue. If it does conclude that this issue has been generated, the Board must afford appellant a full and fair opportunity to prove by a preponderance of the evidence that he did not contribute to the infliction of his injuries.

**JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.**